NEIL H. ABRAMSON
ADAM M. LUPION
RACHEL S. PHILION
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Defendants*
THE OFFICE OF THE COMMISSIONER
OF BASEBALL and MAJOR LEAGUE
BASEBALL BLUE, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL HERNANDEZ,<br><br>    Plaintiff,<br><br>   v.<br><br>THE OFFICE OF THE COMMISSIONER OF BASEBALL and MAJOR LEAGUE BASEBALL BLUE, INC.,<br><br>    Defendants. | No. 18 Civ. 9035 (JPO) (GWG)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 of the Southern District of New York, Defendants The Office of the Commissioner of Baseball and Major League Baseball Blue, Inc. (collectively "Defendants" or "MLB") hereby submits this response to Plaintiff's Statement of Material Facts regarding his "Motion for Declaratory Judgment." Defendants' response to Plaintiff's Statement of Material Facts is without prejudice to or waiver of their position that Plaintiff's Motion should be denied for lack of Article III standing because there is no case or controversy that is ripe for adjudication.

1. Angel Hernandez ("Plaintiff") is a Major League Baseball umpire and a member of the World Umpires Association. *See* Affidavit of Angel Hernandez, attached hereto as Exhibit 2, at ¶¶ 2 and 3.

**RESPONSE TO 1:** Undisputed that Plaintiff is a member of the Major League Baseball Umpires Association, which was previously known as the World Umpires Association until a name change on August 14, 2018. (Declaration of Neil H. Abramson ("Abramson Decl.") ¶ 2, filed herewith.)

2. Shortly after this case was filed in the United States District Court for the Southern District of Ohio, Plaintiff's counsel sent an email to Defendants' counsel, a true and accurate copy of which is attached hereto as Exhibit 3.

**RESPONSE TO 2:** Undisputed that Exhibit 3 to Plaintiff's motion is a true and accurate copy of the email referenced in paragraph 2. The document cited by Plaintiff speaks for itself. (*See* ECF Dkt. 51-3.) Defendants dispute that the timing of the email in relation to the filing of Plaintiff's lawsuit is either material or relevant to Plaintiff's motion.

3. In that email, Plaintiff, through his counsel, informed the Defendants that Plaintiff wished to "speak out on the issues raised in his complaint." *See id*.

**RESPONSE TO 3:** Undisputed that the language quoted in paragraph 3 appears in Exhibit 3 to Plaintiff's motion. However, the complete email cited by Plaintiff speaks for itself. (*See* ECF Dkt. 51-3.) Defendants dispute the truth of the matter asserted in the language quoted in paragraph 3, which is unsupported by the evidence.

4. Plaintiff's counsel explicitly stated in that email that "[s]peaking out publicly against the discriminatory practices of Major League Baseball is a protected right and doing so constitutes opposition activity under federal, state and local laws prohibiting discrimination." *Id*.

**RESPONSE TO 4:** Undisputed that the language quoted in paragraph 4 appears in Exhibit 3 to Plaintiff's motion. However, the complete email cited by Plaintiff speaks for itself. (*See* ECF Dkt. 51-3.) Defendants dispute the truth of the matter asserted in the language quoted in paragraph 4, which is unsupported by the evidence, purports to state a legal conclusion and mischaracterizes the applicable legal standard. Whether speaking out publicly against alleged discrimination constitutes protected opposition activity is a highly fact-intensive inquiry that depends on the actual statement and the context in which it is made, which must be assessed on a case-by-case basis and only after the statement is made. (*See generally* Defendants' Memorandum of Law, Point I.A, filed herewith.)

5. In that email, Plaintiff's counsel requested that the Defendants agree that Plaintiff "is free to speak to the media, without penalty, forfeiture, disciplinary action, restriction, retaliation or claims of damages." *Id.*

**RESPONSE TO 5:** Undisputed that the language quoted in paragraph 5 appears in Exhibit 3 to Plaintiff's motion. However, the complete email cited by Plaintiff speaks for itself. (*See* ECF Dkt. 51-3.)

6. In response to that email, Defendants' counsel refused to agree or otherwise provide Plaintiff with permission to speak on the issues raised in the Complaint, stating that Plaintiff's counsel should "advise [their] client as [they] deem appropriate" and that MLB could not provide Plaintiff "with pre-approval or pre-authorization for press communications." *Id.*

**RESPONSE TO 6:** Disputed and unsupported by the evidence. The language quoted in paragraph 6 mischaracterizes the contents of the email in which MLB reaffirmed its commitment to "comply with all of its legal obligations." (*See* ECF Dkt. 51-3.) In any event, the complete email cited in paragraph 6 speaks for itself. (*Id.*)

7. On June 1, 2018, Plaintiff served the Defendants with Plaintiff's First Set of Interrogatories to The Office of the Commissioner of Baseball ("Plaintiff's Interrogatories"), a true and accurate copy of which is attached hereto as Exhibit 4.

**RESPONSE TO 7:** Undisputed that Exhibit 4 to Plaintiff's motion is a true and accurate copy of Plaintiff's First Set of Interrogatories to The Office of the Commissioner of Baseball ("Plaintiff's Interrogatories"), which was served on June 1, 2018. (*See* ECF Dkt. 51-4.) Defendants dispute that Plaintiff's Interrogatories are either material or relevant to Plaintiff's motion.

8. Plaintiff's Interrogatory No. 4 reads as follows: "Identify and describe the criteria used when determining whether an umpire should be promoted to the crew chief position, including the date and nature of any changes, amendments or revisions of those criteria." *Id.*, at p. 3.

**RESPONSE TO 8:** Undisputed that the language quoted in paragraph 8 corresponds to Interrogatory No. 4 of Plaintiff's Interrogatories, the complete contents of which speaks for itself. (*See* ECF Dkt. 51-4, at 3.) Defendants dispute that Plaintiff's Interrogatories are either material or relevant to Plaintiff's motion.

9. On July 2, 2018, the Defendants served their Objections and Responses to Plaintiff's Interrogatories ("Defendants' Responses"), a true and accurate copy of which is attached hereto as Exhibit 5.

**RESPONSE TO 9:** Undisputed that Exhibit 5 to Plaintiff's motion is a true and accurate copy of Defendants' Objections and Responses to Plaintiff's Interrogatories ("Defendants' Responses"), which was served on July 2, 2018. (*See* ECF Dkt. 51-5.) Defendants dispute

that Plaintiff's Interrogatories or Defendants' Responses are either material or relevant to Plaintiff's motion.

10. The Defendants' Response to Plaintiff's Interrogatory No. 4 reads as follows:

Subject to and without waiving the foregoing objection, the Office of the Commissioner bases crew chief appointment decisions on legitimate, job-related factors. In making crew chief selections, the Office of the Commissioner considers the umpire's performance in the most recent season as well as the length and consistency of his career contributions. The Office of the Commissioner relies on a variety of factors, including but not limited to:

- Leadership skills, including situation management, maintaining an appropriate pace-of-game, on-field presence, demeanor, hustle, focus, and integrity;

- Overall quality of performance, including strike zone accuracy, made/missed calls, ability to properly enforce the Replay Regulations and Procedures on the field and as a Replay Official, how much or how often the umpire exceeds/does not meet expectations, keeping the focus of the game on the field, and agility and position accuracy in getting the appropriate angle on calls;

- Fulfillment of duties and responsibilities, including attendance and the umpire's adherence to the Four-Umpire System, as well as other mandates of the Major League Baseball Umpire Manual, the Official Playing Rules, Replay Regulations, and the Basic Agreement; and

- Initiative, including whether the umpire takes the initiative to train and mentor junior umpires.

In addition, the Office of the Commissioner may consider seniority when exercising its appointment discretion, but seniority does not control the Office of the Commissioner's appointment decisions. Defendants also incorporate herein their responses to Request Nos. 2 and 5 in their Responses and Objections to Plaintiff's First Set of Requests for the Production of Documents.

("Defendants' Response to Interrogatory No. 4"). *Id*., at p. 5-6.

**RESPONSE TO 10:** Disputed that the language quoted in paragraph 10 reflects Defendants' complete Response to Interrogatory 4. Although the quoted language appears in Exhibit 5 to Plaintiff's motion, the complete document speaks for itself. (*See* ECF Dkt.

51-5.) Defendants dispute that Plaintiff's Interrogatories or Defendants' Responses are either material or relevant to Plaintiff's motion.

11. Plaintiff's Interrogatory No. 5 reads as follows: "Specify why only one individual of Latin or Hispanic descent has been selected as permanent crew chief since that position was created." *See* Exhibit 4, at p. 3.

**RESPONSE TO 11:** Undisputed that the language quoted in paragraph 11 corresponds to Interrogatory No. 5 of Plaintiff's Interrogatories, the complete contents of which speaks for itself. (*See* ECF Dkt. 51-4, at 3.) Defendants dispute that Plaintiff's Interrogatories are either material or relevant to Plaintiff's motion.

12. In response to Plaintiff's Interrogatory No. 5, the Defendants cited to their Response to Interrogatory No. 4, which is quoted in ¶ 10 above. *See* Exhibit 5, at p. 6.

**RESPONSE TO 12:** Disputed that Defendants' Response to Interrogatory No. 4, as set forth in Plaintiff's paragraph 10, above, reflects Defendants' complete Response to Plaintiff's Interrogatory No. 5. Although the language quoted in paragraph 10, above, appears in Exhibit 5 to Plaintiff's motion, the complete document speaks for itself. (*See* ECF Dkt. 51-5.) Defendants dispute that Plaintiff's Interrogatories or Defendants' Responses are either material or relevant to Plaintiff's motion.

13. Plaintiff's Interrogatory No. 6 reads as follows: "State with specificity why there have been no African Americans selected to be a full time crew chief." *See* Exhibit 4, at p. 4.

**RESPONSE TO 13:** Undisputed that the language quoted in paragraph 13 corresponds to Interrogatory No. 6 of Plaintiff's Interrogatories, the complete contents of which speaks for itself. (*See* ECF Dkt. 51-4, at 4.) Defendants dispute that Plaintiff's Interrogatories are either material or relevant to Plaintiff's motion.

14. As with their response to Plaintiff's Interrogatory No. 5, the Defendants answered Plaintiff's Interrogatory No. 6 by citing to their Response to Interrogatory No. 4, which is quoted in ¶ 10 above. *See* Exhibit 5, at p. 7.

**RESPONSE TO 14:** Disputed that Defendants' Response to Interrogatory No. 4, as set forth in Plaintiff's paragraph 10, above, reflects Defendants' complete response to Plaintiff's Interrogatory No. 5 or No. 6. Although the language quoted in paragraph 10, above, appears in Exhibit 5 to Plaintiff's motion, the complete document speaks for itself. (*See* ECF Dkt. 51-5.) Defendants dispute that Plaintiff's Interrogatories or Defendants' Responses are either material or relevant to Plaintiff's motion.

15. As of the 2018 season, Plaintiff had at least 25 years of experience as a Major League Baseball umpire. *See* Exhibit 2, Affidavit of Angel Hernandez, at ¶ 2; *see also* Exhibit 6.

**RESPONSE TO 15:** Undisputed. However, Defendants dispute that Plaintiff's service-time as a Major League Baseball umpire is either material or relevant to Plaintiff's motion.

16. As of the 2018 season, Kerwin Danley had at least 25 years of experience as a Major League Baseball umpire. *See* Exhibit 6.

**RESPONSE TO 16:** Disputed and unsupported by the evidence. The years of service for Major League Baseball umpires are set forth in the Basic Agreement. (*See* Abramson Decl. ¶ 3; Exhibit B, filed herewith.) Defendants also dispute that Mr. Danley's service-time as a Major League Baseball umpire is either material or relevant to Plaintiff's motion.

17. For the 2018 season, only three umpire crews in Major League Baseball had a crew chief with less seniority than the number two umpire. In each instance, the number two umpire was a minority: Plaintiff, Kerwin Danley, and Alfonso Marquez. *See id*.

**RESPONSE TO 17:** Disputed and unsupported by the evidence. Regardless of whether the document on which Plaintiff purports to rely in paragraph 17 reflects umpire crew compositions for the duration of the 2018 season, the years of service for Major League Baseball umpires are set forth in the Basic Agreement. (*See* Abramson Decl. ¶ 3; Exhibit B, filed herewith.) Defendants also dispute that the composition of umpire crews in Major League Baseball is either material or relevant to Plaintiff's motion.

18. In this case, the Defendants have refused to admit that the Court has subject matter jurisdiction pursuant to the Civil Rights Act of 1964, including Title VII. *See* Doc. 35, at ¶ 5; Doc. 40, at ¶ 5.

**RESPONSE TO 18:** Disputed and unsupported by the evidence. Plaintiff's claim that MLB "refuse[d] to admit" that the Court has subject matter jurisdiction mischaracterizes Defendants' Answer. (*See* Pl. Mot. at 3; ECF Dkt. 52 at 6; *see also* ECF Dkt. 40 ¶ 5.) Defendants have not contested this Court's subject matter jurisdiction based on the federal questions alleged in Plaintiff's Complaint. (*See* Defendants' Memorandum of Law, at 8 n. 1, filed herewith.)

19. Plaintiff reasonably believes he has been discriminated against by the Defendants. *See* Exhibit 2, Affidavit of Angel Hernandez, at ¶ 7; *see also* Docs. 1 and 35.

**RESPONSE TO 19:** Disputed and unsupported by the evidence. Whether Plaintiff "believes" that he has been discriminated against is not a material fact for purposes of this motion. Defendants dispute that such any such belief is reasonable because any actions or decisions with respect to Plaintiff's employment were taken or made in good faith and were based on legitimate, business-related reasons and not on any protected characteristic. (*See* ECF No. 40, ¶ 160.)

20. Plaintiff wishes to exercise his right to speak out in opposition to the Defendants' discriminatory conduct. *See* Exhibit 2, Affidavit of Angel Hernandez, at ¶ 10; *see also* Doc. 35 at ¶¶ 150-152.

**RESPONSE TO 20:** Disputed and unsupported by the evidence. Whether Plaintiff "wishes" to exercise a "right to speak out" is not a material fact for purposes of this motion. Defendants dispute that Plaintiff's right to do so is supported by the evidence, because whether speaking out publicly against alleged discrimination constitutes protected opposition activity is a highly fact-intensive inquiry that depends on the actual statement and the context in which it is made, which must be assessed on a case-by-case basis and only after the statement is made. (*See generally* Defendants' Memorandum of Law, Point I.A., filed herewith.) Defendants further dispute Plaintiff's allegation that they have engaged in any discriminatory conduct as unsupported by the evidence, because any actions or decisions with respect to Plaintiff's employment were taken or made in good faith and were based on legitimate, business-related reasons and not on any protected characteristic. (*See* ECF No. 40, ¶ 160.)

21. Plaintiff is prepared to oppose the Defendants' discriminatory conduct by speaking out about the issues raised in his Complaint (Doc. 1) and First Amended Complaint (Doc. 35), including, but not necessarily limited to, by discussing the 27 issues contained in Exhibit 7. *See* Exhibit 2, Affidavit of Angel Hernandez, at ¶ 10.

**RESPONSE TO 21:** Disputed and unsupported by the evidence. Whether Plaintiff is "prepared" to make certain statements is not a material for purposes of this motion. Whether whatever Plaintiff is "prepared" to say actually "oppose[s]" alleged claims of discrimination is not a present fact for purposes of this motion. Defendants further dispute

9

Plaintiff's allegation that they have engaged in any discriminatory conduct as unsupported by the evidence, because any actions or decisions with respect to Plaintiff's employment were taken or made in good faith and were based on legitimate, business-related reasons and not on any protected characteristic. (*See* ECF No. 40, ¶ 160.) Defendants dispute that Plaintiff has an unlimited right to public speech concerning MLB, which is limited by the terms of the collective bargaining agreement governing his employment. The collective bargaining agreement also provides that it is not "intended to prevent an umpire from exercising whatever rights such umpire may have under the National Labor Relations Act or under any federal, state or local law prohibiting discrimination in employment." (Abramson Decl. ¶ 2; Exhibit A, at 77, filed herewith.)

22. Without a Court Order determining that his intended statements are protected speech in opposition to discrimination under federal law, Angel Hernandez fears that the Defendants will retaliate against him if he makes those statements. *See* Exhibit 2, Affidavit of Angel Hernandez, at ¶ 14.

> **RESPONSE TO 22:** Disputed and unsupported by the evidence. Defendants dispute that "his intended statements are protected speech in opposition to discrimination under federal law" as unsupported by the evidence. Whether speaking out publicly against alleged discrimination constitutes protected opposition activity is a highly fact-intensive inquiry that depends on the actual statement and the context in which it is made, which must be assessed on a case-by-case basis and only after the "intended statements" are made. (*See generally* Defendants' Memorandum of Law, Point I.A, filed herewith.) Defendants dispute Plaintiff's "fear[] that the Defendants will retaliate him if he makes [his intended] statements" as unsupported by the evidence and further because it is speculative and based

on events that have not occurred and may never occur. Defendants have never retaliated against Plaintiff or threatened to retaliate against Plaintiff.

Dated: New York, New York
April 2, 2019

PROSKAUER ROSE LLP

By: /s/ *Neil H. Abramson*
Neil H. Abramson, Esq.
Adam M. Lupion, Esq.
Rachel S. Philion, Esq.

Eleven Times Square
New York, New York 10036-8299
Phone: 212.969.3000
Fax: 212.969.2900
nabramson@proskauer.com
alupion@proskauer.com
rphilion@proskauer.com

*Attorneys for Defendants*
THE OFFICE OF THE COMMISSIONER
OF BASEBALL and MAJOR
LEAGUE BASEBALL BLUE, INC.