# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Angel Hernandez,<br><br>  Plaintiff,<br><br>v.<br><br>The Office of the Commissioner of Baseball, et al.<br><br>  Defendants. | Case No. 1:17-cv-456<br><br>Judge Michael R. Barrett<br><br>**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

Pursuant to the May 7, 2018 Order of the Court and Fed. R. Civ. P. 26 and 33, Plaintiff Angel Hernandez ("Plaintiff"), by and through counsel, provides the following Answers and Objections to Defendants' First Set of Interrogatories:

## GENERAL OBJECTIONS

1. Plaintiff objects to the Interrogatories to the extent they seek the production of information and/or documents that are protected from disclosure by the attorney-client privilege and/or the work product doctrine. Any production or disclosure of information that is protected by the attorney-client privilege and/or the work product doctrine is inadvertent and shall not constitute a waiver of any applicable privilege or protection.

2. Plaintiff objects to the Interrogatories to the extent they seek any information and/or documents that are in possession of other individuals, corporations and/or any other legal, business or governmental entity and that are, therefore, outside Plaintiff's possession, custody or control.

3. Plaintiff objects to the Interrogatories to the extent they seek information and/or documents that are generally available to the public, are already in the possession, custody or control of Defendants, or which are equally available to Defendants.

1

7. Identify all non-work email addresses, mobile device numbers, and social media handles (*e.g.,* Facebook, Instagram, Twitter, Snapchat, and Linkedin accounts) that Plaintiff has used or accessed since 2011.

**SPECIFIC OBJECTIONS:** Plaintiff objects to this interrogatory to the extent it seeks information that is not relevant. Plaintiff objects to this interrogatory because it is a compound interrogatory. Plaintiff objects on the grounds that the interrogatory is phrased in a vague and ambiguous manner, including but not limited to its use of the terms "handles" and "accessed." Plaintiff also objects to this interrogatory because it is overly broad and unduly burdensome.

**ANSWER:** Subject to and without waiving the foregoing general and specific objections, Plaintiff states that he has not used or accessed any social media handles (as he understands that term) since 2011. Further answering, Plaintiff states that his non-work email address is [Redacted] and that his mobile phone number is [Redacted].

8. State with specificity each category of damages alleged in this action, including but not limited to attorneys' fees, and state for each category of such damages: the amount claimed; the method of calculation and components of such claim; the period of time covered by the damages, if applicable; the identity of any documents in Plaintiff's possession concerning his responses to this Interrogatory, including each document on which the computation of damages is based; and the identity of all persons who have knowledge or information concerning Plaintiff's responses to this Interrogatory.

**SPECIFIC OBJECTIONS:** Plaintiff objects to this interrogatory because it is a compound interrogatory. Plaintiff also objects to this interrogatory because it is overly broad and

15

unduly burdensome. Plaintiff further objects to this interrogatory to the extent it seeks trial preparation materials that are beyond the scope of discovery permitted by the Fed. R. Civ. P. 26 and 33. Plaintiff also objects to the extent this interrogatory calls for a legal conclusion. Plaintiff further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or both. Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion. Plaintiff further objects to this interrogatory because it is premature. Discovery is still ongoing, and it is both unreasonable and inequitable to ask him to respond to this interrogatory before discovery is completed. Plaintiff should not be required to answer this interrogatory (if at all) until after discovery is completed.

**ANSWER:** Subject to and without waiving the foregoing general and specific objections, Plaintiff states that discovery is ongoing and he has not yet fully identified or calculated the amount of his damages. Further answering, Plaintiff alleges that he has suffered at least the following damages and continues to suffer ongoing damages that have not yet been and cannot yet be quantified:

- The Defendants have caused injury to Plaintiff by discriminating against him in relation to their refusal to promote Plaintiff to crew chief. Plaintiff has umpired at least 125 games per season since 2011. The Defendants' discrimination against Plaintiff has resulted in him not being permanently promoted to crew chief since at least 2011, and Plaintiff has thus not received the $100 in additional compensation that permanent crew chiefs receive per game. The damage to Plaintiff as a result of Defendants' conduct in this regard is at least $100,000.

- The Defendants have also injured Plaintiff by discriminating against him in relation to World Series assignments and other related postseason assignments. Plaintiff

has not been awarded a World Series assignment since 2005. Since at least 2011, Plaintiff should have been awarded at least two additional World Series assignments based upon his qualifications and experience, as discussed above in Plaintiff's Answer to Interrogatory No. 4. The Defendants' discrimination against Plaintiff has resulted in him not receiving those World Series assignments and also not receiving the $28,500 that is paid to the umpires who receive a World Series assignment. The damage to Plaintiff as a result of the Defendants' conduct in that regard is at least $57,000. Moreover, upon information and belief, umpires who receive World Series assignments often receive additional assignments for other games and series in that same postseason, including All-Star Game assignments and Division Series assignments. The Defendants' discrimination against Plaintiff has also resulted in Plaintiff not being awarded those additional postseason assignments, as well as the bonuses that are paid in relation to those assignments. The damage to Plaintiff as a result of the Defendants' conduct in that regard is at least $56,000.

- Plaintiff has also suffered and continues to suffer damages relating to mental anguish, physical and emotional distress, humiliation and embarrassment, which Plaintiff has not yet quantified.
- Plaintiff will also be seeking the maximum amount of punitive damages allowable by law.

Plaintiff reserves the right to amend or supplement his answer to this interrogatory.


9. Identify any doctors, physicians, psychologists, psychoanalysts, therapists, clinics,

17

clinicians, counselors, or other health or treating professionals whom Plaintiff has consulted, was referred to, or from whom he sought treatment concerning the "mental anguish; physical and emotional distress; humiliation and embarrassment" Plaintiff alleges in the Complaint, or any other physical, mental, emotional or other injuries that he alleges in the Complaint or will allege he suffered as a result of any alleged acts or conduct of Defendants.

**SPECIFIC OBJECTIONS:** Plaintiff objects to this interrogatory because it is a compound interrogatory. Plaintiff further objects because the interrogatory seeks information that is within the possession, custody or control of the Defendants. Plaintiff further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or both. Plaintiff also objects to this interrogatory because it is overly broad and unduly burdensome.

**ANSWER:** [Redacted]

Plaintiff reserves the right to amend or supplement this answer, including but not limited to amendment or supplementation that may be appropriate based on information that is currently in the possession, custody or control of Defendants or that will be identified through ongoing discovery and investigation but that is not currently in the possession, custody or control of Plaintiff.

10.   Identify with specificity any and all physical, mental, emotional or other injuries that Plaintiff alleges in the Complaint or will allege he suffered as a result of any alleged acts or conduct of Defendants.

**SPECIFIC OBJECTIONS:** Plaintiff objects to this interrogatory because it is a compound interrogatory. Plaintiff further objects because the interrogatory is phrased in a vague and ambiguous manner. Plaintiff further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or both. Plaintiff also objects to this interrogatory because it is overly broad and unduly burdensome.

**ANSWER:** Subject to and without waiving the foregoing general and specific objections, Plaintiff alleges that, as a result of the conduct of the Defendants, Plaintiff has suffered and continues to suffer mental anguish, physical and emotional distress, and humiliation and embarrassment.

Plaintiff reserves the right to amend or supplement this answer.

11. To the extent not identified in Interrogatory No. 9, identify any doctors, psychiatrists, psychoanalysts, therapists, clinics, clinicians, counselors, or other health professionals whom Plaintiff has consulted, was referred to, or from whom Plaintiff sought treatment during the past ten years.

**SPECIFIC OBJECTIONS:** Plaintiff objects to this interrogatory to the extent it seeks information that is not relevant. Plaintiff objects to this interrogatory because it is a compound interrogatory. Plaintiff further objects to the extent that the interrogatory seeks information that is within the possession, custody or control of the Defendants. Plaintiff further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or both. Plaintiff also objects to this interrogatory because it is overly broad and unduly burdensome.

**ANSWER:** Subject to and without waiving the foregoing general and specific

***AS TO THE OBJECTIONS:***

                                        Respectfully submitted,

                                        */s/ J. Jeffrey Landen*
                                        J. Jeffrey Landen (Ohio Bar # 0018174)
                                        Murphy Landen Jones PLLC
                                        2400 Chamber Center Drive, Suite 200
                                        Fort Mitchell, Kentucky 41017
                                        (859) 360-1123
                                        *Attorney for Plaintiff*

## AS TO THE ANSWERS:

### VERIFICATION

STATE OF TEXAS      )
                    ) SS:
HARRIS COUNTY       )

I hereby certify that the Answers to the foregoing Interrogatories are true and correct to the best of my knowledge and belief.

_____
ANGEL HERNANDEZ

Sworn to and subscribed in my presence by Angel Hernandez on this __5__ day of July, 2018.

_____
Notary Public

CHERYL WHITE
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-27-19

23