UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL HERNANDEZ,
                          Plaintiff,

-v-

THE OFFICE OF THE COMMISSIONER
OF BASEBALL and MAJOR LEAGUE
BASEBALL BLUE, INC.,
                          Defendants.

18-CV-9035 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

       Plaintiff Angel Hernandez brings this action against Defendants the Office of the Commissioner of Major League Baseball and Major League Baseball Blue, Inc. (collectively, "MLB"), asserting claims for employment discrimination under federal and state law.

       Although discovery in this case is ongoing, Hernandez has filed a "motion for declaratory judgment," seeking the declaratory relief requested in Count Six of the operative complaint. (Dkt. No. 51.) For the reasons that follow, the motion is denied.

**I.    Background**

       On July 3, 2017, Hernandez initiated this action in the United States District Court for the Southern District of Ohio. (Dkt. No. 1.) Two days after Hernandez filed the case, Plaintiff's counsel stated to defense counsel that "Mr. Hernandez believes he is free to speak out on the issues raised in his complaint" because it is a "protected right and doing so constitutes opposition activity under federal, state and local laws prohibiting discrimination." (Dkt. No. 51-3.) Plaintiff's counsel requested that MLB "agree that Mr. Hernandez is free to speak to the media, without penalty, forfeiture, disciplinary action, restriction, retaliation or claims of damages." (*Id.*) Defense counsel responded that "[w]ithout knowledge of the specific comments in question

1

or the context in which they are made, the Office of the Commissioner cannot provide Mr. Hernandez with pre-approval or pre-authorization for press communications," but that it would "comply with all of its legal obligations." (*Id.*)

The operative complaint, filed on November 27, 2018, includes a claim for declaratory relief affirming Hernandez's right to "discuss the conduct of the defendants publicly, without penalty, forfeiture, disciplinary action, restriction, retaliation or claims of damages by the defendants." (Dkt. No. 35 ¶ 151.) He warns that without this declaration "the defendants or those acting in concert with them may subject [him] to adverse consequences, chilling the ability of Hernandez to enforce his rights." (Dkt. No. 35 ¶ 152.)

On March 19, 2019, Plaintiff filed this "Motion for Declaratory Judgment" seeking the declaratory relief sought in count six of the operative complaint. (Dkt. No. 51.) Specifically, he requests a declaratory judgment from this Court affirming that he is free to speak to twenty-seven enumerated topics related to MLB's alleged discriminatory conduct. (*See* Dkt. No. 51-7.)

## II.   Legal Standard

Plaintiff purports to file a motion for declaratory judgment. However, "[b]ecause an action for declaratory judgment is an ordinary civil action, a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995). Because Plaintiff has already asserted this claim for declaratory relief in the operative complaint, the motion is essentially one for partial summary judgment.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if, considering the record as

a whole, a rational jury could find in favor of the nonmoving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

The initial burden of a movant on summary judgment is to provide evidence on each element of his claim or defense illustrating his entitlement to relief. *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). If the movant makes this showing, the burden shifts to the nonmoving party to identify specific facts demonstrating a genuine issue for trial, *i.e.*, that reasonable jurors could differ about the evidence. Fed. R. Civ. P. 56(f); *Anderson*, 447 U.S. at 250–51. The court should view all evidence "in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor," and a motion for summary judgment may be granted only if "no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citation omitted). At the same time, the nonmoving party cannot rely upon mere "conclusory statements, conjecture, or speculation" to meet its burden. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

**III. Discussion**

In the operative complaint, Hernandez included a claim for declaratory judgment to permit him to "discuss the conduct of the defendants publicly, without penalty, forfeiture, disciplinary action, restriction, retaliation or claims of damages by the defendants." (Dkt. No. 35 ¶ 151.) He now "seeks a determination of the Court that, if he communicates the substance of any or all of [enumerated talking points] outside the judicial process, he cannot be discharged, fined or suffer other retaliation." (Dkt. No. 51-7.)

Defendants argue that Hernandez's claim for declaratory relief must fail because it does not present a case or controversy that is ripe for adjudication — that the claim involves speech that has not occurred and may not be protected under Title VII, as well as adverse employment

3

action that has not been threatened and may not occur.  (Dkt. No. 59 at 5.)  "The burden of proving that a dispute is ripe for adjudication lies with the party asserting the claim at issue." *Stoncor Grp., Inc. v. Peerless Ins. Co.*, 322 F. Supp. 3d 505, 511 (S.D.N.Y. 2018) (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)).  In a declaratory judgment action, the ripeness question is whether the facts alleged, under all the circumstances, show that "there is a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Duane Reade Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005) (quoting *Md. Cas. Co. v. Pac. Coal & Oil. Co.*, 312 U.S. 270, 273 (1941)).

  Here, Hernandez has not met his burden to prove that this dispute is ripe for adjudication.  First, in the absence of actual speech it is impossible to adjudicate whether the proposed speech would be protected under Title VII.  It is true that oppositional activity "designed 'to resist or antagonize . . . ; to contend against; to confront; resist; [or] withstand' discrimination prohibited by Title VII constitutes a protected oppositional activity." *Littlejohn v. City of New York*, 795 F.3d 297, 317 (2d Cir. 2015) (alterations in original) (quoting *Crawford v. Metro. Gov't. of Nashville & Davidson Cty.*, 555 U.S. 271, 276 (2009)).  But Title VII does not give employees carte blanche to engage in limitless oppositional activity.  The *manner* in which that oppositional activity is accomplished is also important to the analysis.  When an employee engages in opposition activity that is "insubordinat[e]" or "disrupts the workplace," disciplinary action may be warranted, regardless of whether the oppositional activity concerns alleged discrimination. *Matima v. Celli*, 228 F.3d 68, 79 (2d Cir. 2000); *see also id.* ("An employer does not violate Title VII when it takes adverse employment action against an employee to preserve a workplace environment that is governed by rules, subject to a chain of command, free of commotion, and conducive to the work of the enterprise.").  While Hernandez says that the proposed speech "will

not disrupt [his] job duties" (Dkt. No. 51-2 ¶ 12), this statement is conclusory. Whether his statements would be expressed in a manner that is so unreasonable as to justify adverse employment action can be assessed only after the speech is actually made. Put another way, the speech at issue here has not occurred, so the form that the speech may take is unknown. Because the manner in which oppositional activity is expressed is relevant to the question whether it is protected under Title VII, the Court has insufficient evidence to adjudicate the claim.

Second, there is insufficient evidence that the MLB will engage in any disciplinary action. In response to Hernandez's request for advance permission to speak to the press, it responded that it could not "provide Mr. Hernandez with pre-approval or pre-authorization for press communications" in the absence of "the specific comments in question or the context in which they are made." (Dkt. No. 51-3.) It further stated that MLB would "comply with all of its legal obligations." (*Id.*) Hernandez argues that because MLB has not "acknowledg[ed] th[e] right," it has thus effectively communicated "that, if Angel Hernandez speaks out against discrimination in Major League Baseball, he does so at his own risk." (Dkt. No. 52 at 2.) Even assuming that MLB has not "acknowledged" Hernandez's Title VII rights, its acknowledgement is wholly irrelevant.[1] Hernandez does not need MLB's acknowledgement to exercise a federal

---

[1] Hernandez argues in his reply brief that subject matter jurisdiction is now an open question in this case because MLB denied in its Amended Answer that "any events or omissions took place that would give rise to or otherwise support jurisdiction in the Court." (Dkt. No. 40 ¶ 5.) This is likely a simple blanket denial of wrongdoing. However, this Court has an "independent obligation" to determine whether subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

"Professional baseball is a business and it is engaged in interstate commerce." *Flood v. Kuhn,* 407 U.S. 258, 282 (1972). Accordingly, its conduct can be regulated by the federal government. *See Gonzales v. Raich*, 545 U.S. 1, 16–17 (2005). District courts have original jurisdiction over all civil actions arising under federal law. 28 U.S.C. § 1331. Because this is a civil action arising under the Civil Rights Act of 1964, a federal law, this Court has subject matter jurisdiction over this case.

right. To be sure, Hernandez is correct that there need not be an overt threat of disciplinary action by MLB for the issuance of a declaratory judgment. (*See* Dkt. No. 62 at 5–6.) However, solely failing to provide Hernandez with the pre-approval he sought does not constitute evidence of a threat of adverse employment action.

Even in a declaratory judgment action that implicates future events, the dispute must be ripe. There must be "a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Duane Reade Inc.*, 411 F.3d at 388 (quoting *Md. Cas. Co.*, 312 U.S. at 273). Here, the Court cannot assess whether the speech is protected under Title VII. Nor is there evidence of an impending threat of adverse employment action. Accordingly, the controversy is not currently "of sufficient immediacy and reality" to be adjudicated at this time. Both the Second Circuit and the EEOC have been very clear about what constitutes protected oppositional activity. *See, e.g.*, *Littlejohn*, 795 F.3d 297; EEOC Enforcement Guidance on Retaliation and Related Issues, No. 915.004 (2016), 2016 WL 4688886. If Hernandez engages in such protected activity and MLB retaliates against him for engaging in that protected activity, there is legal process for bringing a claim against MLB for that retaliation. However, because this claim is hypothetical, it is not yet ripe for adjudication. Accordingly, this Court lacks subject matter jurisdiction over Count Six of the Amended Complaint as presently stated. It is therefore dismissed without prejudice to asserting a future retaliation claim.

**IV.    Conclusion**

For the foregoing reasons, Plaintiff's motion for declaratory judgment is DENIED. Count Six of the operative complaint is hereby DISMISSED without prejudice for lack of ripeness.

The Clerk of Court is directed to close the motion at Docket Number 51.

SO ORDERED.

Dated: October 30, 2019
      New York, New York

_____
J. PAUL OETKEN
United States District Judge