1
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK
2

3       ---------------------------------------X
                                               :
4       ANGEL HERNANDEZ,                       :
                                               :   18-CV-09035 (JPO)
5                       Plaintiff,             :
                                               :
6                  v.                          :
                                               :   500 Pearl Street
7       THE OFFICE OF THE COMMISSIONER OF      :   New York, New York
        BASEBALL, *et al.*,                    :
8                                              :
                           Defendants.   :   October 28, 2019
9       ---------------------------------------X

10
            TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONIC CONFERENCE
11               BEFORE THE HONORABLE GABRIEL W. GORENSTEIN
                     UNITED STATES MAGISTRATE JUDGE
12
        APPEARANCES:
13
        For the Plaintiff:          KEVIN L. MURPHY, ESQ.
14                                   NICHOLAS ROBERT GREGG, ESQ.
                                     Murphy Landen Jones, PLLC
15                                   2400 Chamber Center Drive
                                     Suite #200
16                                   Fort Mitchell, Kentucky 41017

17                                   NICHOLAS J. ZAITA, ESQ.
                                     Lewis DiBiasi Zaita Higgins
18                                   82 East Allendale Road
                                     Suite #6
19                                   Saddle River, New Jersey 07458

20      For the Defendants:         ADAM MICHAEL LUPION, ESQ.
                                     RACHEL SARAH FISCHER, ESQ.
21                                   RACHEL S. PHILION, ESQ.
                                     Proskauer Rose, LLP
22                                   11 Times Square
                                     New York, New York 10036
23
        Court Transcriber:          RUTH ANN HAGER, C.E.T.**D-641
24                                   TypeWrite Word Processing Service
                                     211 N. Milton Road
25                                   Saratoga Springs, New York 12866


        Proceedings recorded by electronic sound recording,
        transcript produced by transcription service

2

           THE COURT:  Hello, this is Judge Gorenstein.  Who's
on the line, please?

           MR. MURPHY:  Good afternoon, Your Honor.  Kevin
Murphy, Nick Gregg and Nick Zaita for the plaintiffs.

           MR. LUPION:  Good afternoon, Your Honor.  Adam
Lupion, Rachel Philion and Rachel Fischer on behalf of the
defendants.

           THE COURT:  Okay.  We're being recorded and we're
here based upon three letters, dockets 108, 111, and 113.

           I've read your letters and I guess I've just -- you
know, there's obviously been a delay from when this first
issue was raised and the plaintiff's best case on this
point -- and I'm not sure it's enough to carry the day -- is
that there were designations in late August.

           So I guess I should hear from defendants as to
whether those were of a different character, prior
designations and what they were exactly.

           MR. LUPION:  Sure, Your Honor.  This is Adam Lupion.
A couple of observations, Your Honor.  I think plaintiff has
essentially conceded that any challenge with respect to the
documents is untimely based upon their reply letter that they
have submitted.  The des -- confidentiality designations with
respect to deposition testimony essentially followed the same
designation scheme of the documents that were designated
confidential.  There's no different nature of confidential

1  information that's reflected in those designations.

2          But even putting that aside, we believe that the

3  confidentiality designations with respect to the depositions

4  would still be untimely and that is because plaintiff received

5  those designations in August.  Under the terms of the

6  confidentiality order that Judge Oetken so ordered, and that

7  is reflected at document 36 on the docket at paragraph 3, that

8  paragraph 3 provides that in the event a party disagrees with

9  a designation, the parties have to first attempt to meet and

10  confer before presenting the dispute to Your Honor.  And in

11  the event that there is a disagreement that the party can

12  request that the judge or the magistrate refer the document,

13  the recording or the information to make a determination.

14          We don't have that here.  Plaintiff hasn't put

15  anything before the Court.  He hasn't identified documents

16  or -- excuse me, the deposition excerpts that he claims would

17  be inappropriately designated.  His position appears to be we

18  have to justify all of the designations on an item-by-item

19  basis.  So there's nothing before the Court and any attempt to

20  cure that defect now in the -- approaching November would be

21  equally untimely as the designations with respect to the

22  documents.

23          So that's our position on timeliness.  I think our

24  position with respect to the merits is --

25          THE COURT:  Let's just hold off on that.  Hold off

4

1   on that for a second.  I just want to hear plaintiffs on the

2   timeliness issue.  And again, this is just on protective order

3   designations, not on the filings, which I'm going to deal with

4   separately.

5          So tell me anything you have to say about that,

6   Mr. Murphy.

7          MR. MURPHY:  They made their challenges relating to

8   the depositions, Your Honor, on August 27th --

9          THE COURT:  Challenges?  You mean, designations.

10          MR. MURPHY:  Designations, right.  They made their

11   designations in August -- late August of this year and we

12   responded very quickly on September 27, 2019.  And those

13   designations of confidentiality, they sat on it for quite some

14   time.  And we believe that they designated those depositions

15   as confidential and attorney's eyes only and so much of the

16   depositions because we were about ready to file an amended

17   complaint.

18          We're very timely on that issue without question.

19          THE COURT:  Why is that without question?  Explain

20   that to me.

21          MR. MURPHY:  Because they didn't make the

22   designations until the end of August and then we went about

23   the process in September of trying to have meet-and-confers to

24   try to get to the defendants to lift those designations or at

25   the very least come up with compelling reasons that would

1  justify keeping those aspects of the deposition confidential

2  and under seal and they did not do that.

3            THE COURT:  Okay.  Well --

4            MR. MURPHY:  Didn't give us any reason.

5            THE COURT:  Okay.  It sounds like you had your --

6  set out your problems to them September 11th and then it's a

7  month later and after the close of discovery before you come

8  to me and you don't even give me any specifics.  So tell me

9  how you've met my timeliness requirement.

10            MR. MURPHY:  Well, we've had several back-and-

11  forths, Your Honor, between -- with the parties.  They wanted

12  to place the burden on us to indicate what it is about these

13  designations that you believe are wrong when, in fact, the

14  reasons must be compelling and they must justify it.  Baseball

15  doesn't have any competition.  There is no other league that

16  they're competing against that they need to keep their

17  processes secret.

18            And we asked them repeatedly what is it about these

19  designations.  For instance, you know, there's several

20  designations that have nothing to do with confidentiality, but

21  rather embarrassing testimony that resulted including, you

22  know, one of their executives making a statement that the

23  reason why there are such few African-Americans going from the

24  umpiring school through the minor leagues into the major

25  leagues is because they all want the job tomorrow and they

6

1   don't want to go through all of the work to get there.

2         Now, that's been designated attorney's eyes only.

3   How is that confidential?  How is that something they need to

4   be protected other than the fact that it doesn't help them in

5   their case against Mr. Hernandez?  We asked for those I think

6   under the rules and under the order.  We're entitled to know,

7   especially now that we're facing -- I know you said you would

8   get to that, but we're facing summary judgment.  And they

9   won't respond, they won't give us any reasons why they've made

10  these designations.

11        THE COURT:  Okay.

12        MR. MURPHY:  And we came to you after we --

13        THE COURT:  I'm sorry, go ahead, Mr. Murphy.  I

14  thought you were done.

15        MR. MURPHY:  We came to you -- we came to you after

16  we couldn't resolve it with the defendants.

17        THE COURT:  Well, you didn't give me much in your

18  letter about what actually happened on September 11th and

19  whether there was matters specific to the August designations

20  or not.  So that's a little bit of a mystery to me.  I mean, I

21  know you've had -- you're having a generic dispute about their

22  burden to designate -- to explain their designations and so

23  forth, but right now I can't really tell if there was a

24  specific process about the August deposition designations.

25        MR. MURPHY:  We attached the letter to you, Your

7

1  Honor, and we challenged whether the defendant --

2          THE COURT:  You attached --

3          MR. MURPHY:  -- met their burden --

4          THE COURT:  You attached the letter of August 27th,

5  the various August 27th letters.  Did you attach something

6  else?  What is --

7          MR. MURPHY:  I believe that we attached the

8  September 11, 2019 letter to you.

9          THE COURT:  I don't think so.  That's not kind of my

10 point, though -- it's partly my point, but hold on a second.

11 Let me see if I can pull it up.  Hold on.

12         MR. MURPHY:  And that should be attached to our

13 October 18, 2019 correspondence to you, Your Honor.

14         THE COURT:  Well, I have it in front of me.  Hold

15 on.  It -- oh, here.  It's the last thing [indiscernible].  I

16 mean, what -- what is the prejudice to you other than trying

17 to deal with the filings that are coming up in summary

18 judgment?

19         MR. MURPHY:  Your Honor, the judge's practices --

20 individual practices at this stage and one of his orders says

21 the filing parties shall make an application to seal or treat

22 the materials as confidential information in accordance with

23 the court's individual rules and the governing law.  And Judge

24 Oetken lifts -- and I don't know if I'm going to pronounce it

25 correct -- the Lugosch case, which indicates very clearly,

8

1   Your Honor, that at this stage unless the defendant can come

2   up with most compelling reasons why documents should remain

3   sealed as we come into judicial filings and judicial documents

4   they shall be opened.

5           THE COURT:  Well, you're making my --

6           MR. MURPHY:  And we're there.

7           THE COURT:  You're making my point, which is the

8   problems come at the summary judgment stage, not today.

9   It's --

10          MR. MURPHY:  But discovery has been completed, Your

11  Honor.

12          THE COURT:  Okay.  Well, this is my point.

13  Discovery has been completed and what we should be focusing on

14  is filing for the summary judgment stage.  So I want -- the

15  Lugosch standard is what should be applied here and it's the

16  one more favorable to you anyway and it should be done in the

17  context of the summary judgment briefing.

18          So Judge Oetken's practices supersede the

19  confidentiality order, so that should be followed.  But here's

20  what I'm going to do.  I'm going to -- we're going to

21  institute a process here so that we can get as much of this

22  done in advance as possible.  And I'm going to make clear, and

23  if necessary I'll do a written order that says that if you

24  were -- have to make a redacted filing because you couldn't

25  reach agreement that the person who designated the material as

9

1  confidential, which a lot of it [indiscernible] the defendant

2  is going to have the responsibility for filing the letter

3  motion described in Judge Oetken's practices to justify the

4  redactions that you were compelled to make by virtue of the

5  designations and the inability to agree as part of the process

6  we're now going to discuss.

7       So I think that really gets you everything you need.

8  So let's talk now about the process.  I think now that we've

9  cleared the brush from the confidentiality order and we now

10  know what we're dealing with, I think the best process is for

11  you to the extent you can do so and we can adjust the schedule

12  if necessary to provide to the defendants ideally, you know, a

13  copy of the summary judgment motion.  But if not that, then a

14  listing of the particular items that you intend to include in

15  there and any attachments.  And then say to them, are you

16  going to be making a Lugosch application on this and then

17  we'll obviously say, yes, we can do it or, no, we can't do it.

18  Right now you have no information on that because they've

19  never been faced with that choice.  So that -- we need a

20  process for that and I'm happy to hear from you as to what you

21  think is the best way to do it is.

22       MR. LUPION:  Your Honor --

23       THE COURT:  I'm addressing plaintiffs first, then

24  I'll hear from --

25       MR. LUPION:  All right.

10

1      THE COURT:  -- defendants.

2      MR. MURPHY:  I have Mr. Gregg on the phone and I

3 would ask your permission that if I say anything that's not

4 correct that he be allowed to correct me.

5      But in any event, we had this discussion.  One of

6 the things that I would like to mention to you is, I'm a guest

7 in your courtroom and I recognize that.  And so we came to you

8 once with a motion to -- in a discovery case and the order was

9 to go back and try harder with the other side.  I did not

10 forget that and I pick my fights.

11      And so as it relates to the designations of

12 confidentiality I hear you loud and clear.  But once discovery

13 was over and when we received these depositions designations

14 that's when I started to realize that this process wasn't

15 going to work.  And I did say to them that we want to use -- I

16 believe we gave them a list of documents that we wanted to use

17 including deposition exhibits that were attached to each and

18 every deposition because Nick Gregg and I culled thousands and

19 thousands of documents down to just what we thought were

20 important and relevant.  We want all access to those documents

21 to be used in summary judgment.  And I want access to

22 everything in the depositions other than what's clearly known

23 by attorneys as something highly personal when, you know, one

24 deponent said that he had hearing aids.  There were other

25 instances of health issues.  I'm not interested in that.

1          But the idea that baseball can keep all of the
2    umpires' reviews from the public when that goes to the very
3    essence of the case that my client had higher reviews and
4    higher performance than the white umpires that were passed
5    over repeatedly year in and year out.  There's never been an
6    African-American crew chief in the history of baseball and
7    there's only been one Hispanic.  And they have a review
8    process and they want to keep those things confidential.
9          So we did give them a list and we did tell them what
10   we wanted to do.  I -- to be perfectly candid, Your Honor, I'm
11   not, you know, real enamored with giving them a preview to the
12   movie, giving them a heads up of where we're going before, you
13   know, the date is due but, of course, I'm in the business of
14   complying with court orders.
15          But we did this and we just --
16          THE COURT:  Well, you did it in the context --
17          MR. MURPHY:  -- [indiscernible] cooperation --
18          THE COURT:  Okay.  Well, you did it in the context
19   of the confidentiality order and I'm taking it out of that and
20   I'm now putting it in the context of the much tougher on them
21   Lugosch standard.
22          So I don't think --
23          MR. MURPHY:  But we didn't do what you --
24          THE COURT:  I don't -- I don't think we should look
25   to the past.  I think we should look to how we're going to

12

1   solve the problem and I'm sure that --

2               MR. MURPHY:  All right.

3               THE COURT:  -- my involvement will be a lot simpler.

4         So there's a couple ways to do it.  I think the more

5   efficient way is for you to say, you know, if you're literally

6   planning to attach every deposition then you can say that.

7   And if you're saying you're going to redact what these very

8   personal things are, you should specify what you're not going

9   to include and you're not arguing about; is there some other

10  documents you attempt to attach you should specifically

11  identify for them.  And then they should respond saying, we

12  will make the Lugosch application, or, we will not, and there

13  should be a conversation about it and I don't think you're

14  tipping very much.  I'm not asking you to divulge the

15  arguments in your brief.  I don't think it's a big secret on

16  that you might -- that you might find of interest particular

17  documents that are their documents that they've produced to

18  you.  So I don't think there's any tipping-of-the-hand issue

19  that's serious here at all.

20        So I think that's the best way to do it.  I think

21  that after the defendants see whatever it is you say you're

22  attaching.  You know, certainly ultimately they need to inform

23  you whether they'll be making a Lugosch application.  And if

24  they're not they should tell you that.  And if they say that

25  you're not then you'll be able to include it in a publicly-

13

1  filed document.

2          So that was the thought on my mind.  I mean,

3  obviously I don't know if there's any material like this, but

4  if there was material -- actually, let me strike that.  I

5  don't want to deal with the merits of any of the -- of your

6  application.  I think that's something the two of you should

7  deal with separately.  I'm not sure I've ever going to get

8  involved because I think it's something Judge Oetken will

9  ultimately decide.

10         But if there's a question about revealing, you know,

11  performance evaluations of particular individuals which does,

12  you know, implicate some privacy interest there may be ways

13  around it which you two should discuss, like giving --

14  identifying numbers for the particular people involved, along

15  with, you know, their races and age and anything else that you

16  think is -- needs to be revealed.

17         But I -- you know, you need to be -- I suspect Judge

18  Oetken is not going to want to unnecessarily divulge per --

19  you know, performance evaluations of particular people unless

20  it's necessary to do so at this stage.  So you should consider

21  that.  I'm not saying it's absolutely required, but it's

22  something that should be considered.

23         All right.  Having said all that, I'm going to hear

24  from the defendants and then the plaintiffs.

25              MR. LUPION:  Thank you, Your Honor.  Just a couple

14

1  of preliminary points.  Suffice it to say, we disagree with

2  Mr. Murphy's characterization of what the evidence is, but

3  we're not here to litigate that issue today.

4          As we said in our papers, what Your Honor proposed

5  is exactly what we proposed during the meet-and-confer process

6  that once plaintiff had an idea of which of the thousands of

7  pages of deposition testimony and which of the tens of

8  thousands of documents he intends to actually include with his

9  filing that the parties can have a dialogue of what meets the

10 sealing criteria.

11         I think defendants practice throughout the

12 litigation reflects an understanding that simply because a

13 document has been designated as confidential doesn't mean it's

14 going to meet the sealing criteria.  In fact, defendants have

15 filed confidential documents on the public docket and

16 plaintiff has on two separate occasions attempted to file

17 under seal documents that defendants have designated as

18 confidential at which point once was Your Honor, one was Judge

19 Oetken invited defendants to make a sealing application and we

20 declined because the documents -- we didn't believe the

21 documents would meet the Lugosch standard.

22         Now, on the other hand, when defendants moved in

23 connection with plaintiff's independent medical examination,

24 there was sensitive information that we believed would be

25 embarrassing to plaintiff and did meet the Lugosch criteria.

1   So before we actually filed that, we reached out to plaintiff,

2   advised the plaintiff, these are the documents we intend to

3   include with our application; do you consent to the sealing of

4   this information.  And not only did they consent to the

5   sealing of that information, they actually thought that we

6   were under-redacting.  So we complied with their request and

7   we made a joint request to seal that material that the Court

8   granted.  So I don't want there to be any impression out there

9   that simply because a document has been designated as

10  confidential that defendants believe it should be sealed.

11          So we would be receptive to a formal practice of the

12  parties meeting and conferring X number of days before the

13  filing of a motion to discuss the potential exhibits.  And if

14  we are unable to come to an agreement, then we could present

15  the dispute to the Court at that time.

16          But to discuss sealing in the abstract now what's

17  go -- what documents are going to meet the sealing criteria

18  without any indication of what's actually going to be a

19  judicial document is, we submit, entirely premature.

20          THE COURT:  All right.  Mr. Murphy, anything you

21  want to add to what I said?

22          MR. MURPHY:  Yes, Your Honor.  With respect, I

23  believe what you're proposing is shifting the burden and

24  placing the burden on us when the burden is squarely on the

25  defendants, especially at this stage --

16

1          THE COURT:  I lost you.

2          MR. MURPHY:  -- [indiscernible] --

3          THE COURT:  You've going to have to explain that.  I

4    didn't think I put any burden on you other than saying what

5    documents are at issue.

6          MR. MURPHY:  Yes.  But what -- what I would ask you

7    to consider is that it should be coming the other way.  The

8    defendants should be coming to me and saying that we believe,

9    Kevin, that these portions of the depositions and these

10   particular documents we have most compelling reasons to keep

11   these confidential and here's why.  I think that's what --

12   again, with respect, Your Honor, I think that's what the law

13   says.

14          I think the burden is squarely on them, especially

15   at this stage.  It was true under the confidentiality order as

16   well, but I didn't take it to you, I agree.  But now it's far

17   more of the burden on the defendant to be doing this and it

18   just -- it -- I think the process that you are proposing

19   places the burden on us when it should be on them.

20          THE COURT:  Places the burden --

21          MR. MURPHY:  So I would --

22          THE COURT:  Places the burden to do what?

23          MR. MURPHY:  -- ask you to consider --

24          THE COURT:  I don't think you understand my propose

25   otherwise you wouldn't be saying what I'm saying.  What is it

1    you think I've placed the burden on you to do?

2              MR. MURPHY:  That I should identify what documents

3    and what deposition testimony that they have designated that I

4    want to use.

5              THE COURT:  That's correct.  That --

6              MR. MURPHY:  And in reality I think --

7              THE COURT:  That's the only obligation I've put on

8    you is just to identify the burden, the substantive burden

9    under Lugosch rests entirely with them.  So, yes, I've given

10   you a responsibility, a duty.  If you want to call it a

11   burden, I suppose you could call it that, but it's not a

12   burden in the sense of a burden of proof which is what Lugosch

13   puts on the defendant for purposes of identifying a

14   designation.

15             So anything on -- I mean, I just -- I honestly don't

16   even understand what you're talking about, Mr. Murphy, so if

17   you want to take another shot at it, go ahead.

18             MR. MURPHY:  I will refrain.

19             THE COURT:  Okay.  So when do you think -- right now

20   is there a deadline for summary judgment motions?

21             MR. LUPION:  Your Honor, I believe that the

22   deadline -- expert discovery is scheduled to close on

23   March 2nd and under the prior scheduling order, summary

24   judgment [indiscernible] would be due within 14 days of the

25   close of expert discovery.  So assuming the 14-day window,

18

1  that would be March 16th for summary judgment.

2          THE COURT:  Okay.  And was the plaintiff planning to

3  move for summary judgment?

4          MR. MURPHY:  Yes.

5          THE COURT:  Okay.  And defendant, do you plan to

6  move for summary judgment?

7          MR. LUPION:  Yes, Your Honor.

8          THE COURT:  Okay.

9          MR. LUPION:  Most definitely.

10          THE COURT:  All right.  So we have a little bit

11  of -- by the way, when are -- who -- the expert designations

12  relate to damages or liability or both or have they not

13  happened yet?

14          MR. LUPION:  They have not happened.

15          THE COURT:  Okay.  From -- let them ask each side.

16  Defendants, are you going to hire any experts for your case in

17  chief or it's just going to be in response to plaintiff's

18  experts?

19          MR. LUPION:  We haven't made that determination yet,

20  Your Honor.  That might depend in no insignificant measure on

21  the proposed amended complaint.  Plaintiff's motion for leave

22  is currently --

23          THE COURT:  Yes.

24          MR. LUPION:  -- [indiscernible] before the Court.

25          THE COURT:  I'll try to --

1          MR. LUPION:  Even absent that amendment, we -- it's

2   possible that we would have a liability expert that would

3   testify on liability issues.

4          THE COURT:  And how about from plaintiff's point of

5   view, do you know yet?

6          MR. LUPION:  In addition to damages.

7          THE COURT:  Thank you.  And from plaintiff's point

8   of view?

9          MR. MURPHY:  Yes, we will have an expert witness on

10  liability.

11         THE COURT:  Oh, okay.  All right.  So there's

12  probably not a lot we can do before the expert discovery

13  period is closed.  So, you know, I -- my -- I'm not really

14  forcing the parties to do this.  It just seems insane not to,

15  but the -- it just -- the plaintiff knows that they're going

16  to be, you know, putting in, you know, an entire deposition of

17  some person as an exhibit or any particular documents as far

18  as part of their summary judgment motion.  It's going to make

19  life a lot easier if that can be resolved to the degree

20  possible between the parties before the motion is filed.  And

21  I don't -- and I don't expect the parties to come to me about

22  it.

23         My vision is plaintiff says, we're attaching

24  documents 1 through 25 that you have designated as

25  confidential.  We expect to use them in the summary judgment

1 motion.  Please let us know which ones you'll be making a

2 <u>Lugosch</u> application on or parts of which ones so that we know

3 what redactions you're seeking.  That's it.

4           And then defendants will answer that within some

5 reasonable period of time.  And then the parties can file

6 their summary judgment motions in accordance with Judge

7 Oetken's rule with whatever redactions the defendants are

8 sticking to at that point.  And I will issue an order that

9 says within some number of days so they'll have gotten a

10 warning.  It won't be a lot.  You know, within seven days of

11 that filing -- of any filing by the plaintiffs, they need to

12 file the letter required by Judge Oetken that shows why the

13 redaction meets their burden under <u>Lugosch</u>.  So that's my plan

14 right now and I don't want to set particular deadlines, you

15 know, dates right now for doing it because I would just rather

16 wait till a little bit closer.  But that's the plan.

17           So I know parties have already expressed some

18 disagreement about it, but in terms of the mechanics of the

19 plan is there anything anyone wants to say, Mr. Lupion,

20 starting with you?

21           MR. LUPION:  Yes, Your Honor.  Thank you.  And I

22 think it would be most constructive if we had the documents

23 that they intend to file.  We're not looking for -- to have it

24 weeks or months in advance.  We think, you know, a number of

25 days, maybe within a week of the filing where it's in a decent

1  enough shape where they have a reasonable idea of what they

2  are actually going to file, rather than the hypothetical idea,

3  I think would be most constructive --

4          THE COURT:  Just so it's clear, I don't want -- I

5  want to try to have you make some decisions before they file

6  the motion and the reason I want to do that is I would rather

7  not have some blacked-out briefs filed before Judge Oetken if

8  it turns out that you're going to be conceding on half the

9  designations anyway that you can't meet the burden.

10         So I just want to make it clear.  I want them to

11 give you, you know, the list of documents.  I want you to

12 respond within seven days saying we're needing -- we're going

13 to -- we believe we can meet our burden with respect to

14 documents whatever numbers and then give them a few days so

15 now know exactly what it is they have to redact.  That's --

16 did you understand that's what I was proposing?

17         MR. LUPION:  Yes, that -- yes, Your Honor, we are on

18 the same --

19         THE COURT:  So the only -- the only time period

20 that's at issue for you is once you get the list of documents

21 1 though 25 or 1 through 100, I have no idea what it is, how

22 much time are you going to need to make that decision?

23         MR. LUPION:  I think a week should be more than

24 enough.  I'm hopeful to do it -- if it's a reasonable volume

25 of documents to be included with a summary judgment filing,

22

1   assuming they're not attaching every single document that we

2   produce then, you know, I think a couple of days should

3   suffice --

4           THE COURT:  Okay.

5           MR. LUPION:  -- given the criteria that's going --

6   that's going to apply.

7           THE COURT:  Okay.  Well, you know, I think a week

8   makes sense and I think giving the plaintiff a week to

9   actually do the redactions that they have to do once they hear

10  what you're saying is redacted I think is more than enough.

11          But now let me just turn to Mr. Murphy if he had any

12  comments on the mechanics.

13          MR. MURPHY:  I don't want to be a Debbie Downer

14  here, but what happens if I get the same response from the

15  defendants that I have received previously, that is they're

16  not going to relent on any of it or just a mere fraction of

17  it.

18          THE COURT:  Right.  Well, that --

19          MR. MURPHY:  That would keep pretty much in --

20          THE COURT:  Then we have the Judge Oetken process,

21  which I'm going to tweak only by requiring them to file the

22  motion explaining the reasons that it meets Lugosch rather

23  than you, obviously.  And do it within -- if they'll have had,

24  you know, a good deal of warning, at least a week, within a

25  week of your filing.

23

1          MR. MURPHY:  Very good.  That was my hope, Your

2   Honor.  My hope was if Nick and I do this early on that we can

3   hopefully resolve the entire issue, like you said, before the

4   briefs are filed so that we don't have a situation where we

5   have to file most of it under seal.  If we can -- if -- if we

6   can get that issue resolved before filing, that would be

7   wonderful.

8          THE COURT:  Right.  Well, it's not going to be

9   judicially resolved, but you will at least get some answers as

10  to what they're really going to be making an application on.

11  So that -- that you'll get.

12          Okay.  I'm not going to issue a written order at

13  this point but when we get closer someone should send me a

14  letter that proposes the specific deadlines in relation to

15  whatever the deadline is for the summary judgment motion and

16  also includes the tweak, if you can remember this, that under

17  Judge Oetken's practice -- let's see, number 2(e)(ii), that it

18  is the obligation of the party making the designation to make

19  the filing required by that paragraph to justify the filing

20  under seal.

21          All right.  Any questions before we finish,

22  Mr. Lupion?

23          MR. LUPION:  No, Your Honor.  Thank you very much.

24          THE COURT:  Okay.  Mr. Murphy, anything?

25          MR. MURPHY:  No, Your Honor, and thank you very much

24

1  for your time.

2          THE COURT:  Okay.  Thank you.  Goodbye.

3                    *  *  *  *  *  *

25

1        I certify that the foregoing is a court transcript

2    from an electronic sound recording of the proceedings in the

3    above-entitled matter.

4

5                                    _____

6                                    Ruth Ann Hager, C.E.T.**D-641

7    Dated:   October 30, 2019

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25