NEIL H. ABRAMSON
ADAM M. LUPION
RACHEL S. PHILION
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Defendants*
THE OFFICE OF THE COMMISSIONER
OF BASEBALL and MAJOR LEAGUE
BASEBALL BLUE, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL HERNANDEZ,<br><br>      Plaintiff,<br><br> v.<br><br>THE OFFICE OF THE COMMISSIONER OF BASEBALL and MAJOR LEAGUE BASEBALL BLUE, INC.,<br><br>      Defendants. | No. 18 Civ. 9035 (JPO) (GWG)<br><br>**ANSWER TO PLAINTIFF'S AMENDMENT TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants The Office of the Commissioner of Baseball (the "Office of the Commissioner") and Major League Baseball Blue, Inc. ("MLB Blue" and together, "Defendants") by their attorneys Proskauer Rose LLP, answer Plaintiff Angel Hernandez's Amendment to the First Amended Complaint filed in the United States District Court for the Southern District of New York on November 27, 2019 (hereinafter "Plaintiff's Amendment"), as follows:

153. Defendants repeat and restate each of their responses and affirmative defenses contained in their Answer and Affirmative Defenses dated December 18, 2018 (the "December 18, 2018 Answer," Dkt. 40), as if fully set forth herein.

154. Defendants admit that between 2011 and 2013, six on-field umpires were assigned to work each World Series, and since 2014, six on-field umpires and two replay-duty umpires are assigned to work each World Series, and otherwise deny the allegations in paragraph "154" of Plaintiff's Amendment.

155. Defendants deny the allegations in paragraph "155" of Plaintiff's Amendment and otherwise repeat and restate their original response to paragraph "69" of Plaintiff's First Amended Complaint to the extent Plaintiff incorporates those allegations herein.

156. Defendants admit that Plaintiff invokes the Court's jurisdiction under the statutes listed in paragraph "156" of Plaintiff's Amendment, but deny that any events or omissions took place that would give rise to or otherwise support jurisdiction in the Court.

157. Defendants admit that Plaintiff invokes the Court's jurisdiction under the statutes listed in paragraph "157" of Plaintiff's Amendment, but deny that any events or omissions took place that would give rise to or otherwise support jurisdiction in the Court.

158. Defendants deny the allegations in paragraph "158" of Plaintiff's Amendment.

159. Defendants admit that Defendants are subject to personal jurisdiction in this District.

160. Defendants admit that Plaintiff invokes venue in this district, but deny that any events or omissions took place that would support venue in this district.

161. Defendants admit that certain Office of the Commissioner personnel provide input into crew chief appointment decisions, and otherwise deny the allegations in paragraph "161" of Plaintiff's Amendment.

162. Defendants admit that pursuant to the Basic Agreement between the Office of the Commissioner and the Major League Baseball Umpires Association (formerly known as the World Umpires Association), observers and supervisors complete umpire evaluation reports for

each game observed in person, which contain some of the criteria used to evaluate umpires' on-field performance during a specific game. Defendants otherwise deny the allegations in paragraph "162" of Plaintiff's Amendment.

163.    Defendants deny the allegations in paragraph "163" of Plaintiff's Amendment.

164.    Defendants deny the allegations in paragraph "164" of Plaintiff's Amendment. Defendants aver that crew chief appointment decisions are based on legitimate, job-related factors. In making crew chief selections, an umpire's performance in the most recent season as well as the length and consistency of his career contributions are considered. The selections are based on a variety of factors including leadership skills, overall quality of performance, fulfillment of duties and responsibilities, and initiative. Additionally, seniority may be considered but does not control crew chief appointment decisions.

165.    Defendants admit that since the crew chief appointments for the 2013 season (*i.e.*, the first season for which there were open crew chief positions during Joe Torre's and Peter Woodfork's tenure), Mr. Torre is responsible for making the final appointment decisions and Mr. Woodfork is integrally involved in those decisions, and they consider input from other Office of the Commissioner personnel as well. Defendants otherwise deny the allegations in paragraph "165" of Plaintiff's Amendment.

166.    Defendants deny the allegations in paragraph "166" of Plaintiff's Amendment.

167.    Defendants deny the allegations in paragraph "167" of Plaintiff's Amendment.

168.    Defendants admit that umpires who have become permanent crew chiefs since 2011 have self-identified as Caucasian, but deny that discriminatory animus of any kind was a factor in any crew chief appointment decision or that any appointment decision has resulted in a disparate impact on non-Caucasian MLB umpires. Defendants otherwise deny the allegations in paragraph "168" of Plaintiff's Amendment.

169. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "minority umpires" and otherwise deny the allegations in paragraph "169" of Plaintiff's Amendment.

170. Defendants deny the allegations in paragraph "170" of Plaintiff's Amendment.

171. Defendants deny the allegations in paragraph "171" of Plaintiff's Amendment.

172. Defendants admit that since the 2011 World Series, Joe Torre is responsible for making the final decisions as to umpire assignments for the World Series and Peter Woodfork is integrally involved in those decisions, and they consider input from other Office of the Commissioner personnel as well. Defendants otherwise deny the allegations in paragraph "172" of Plaintiff's Amendment.

173. Defendants deny the allegations in paragraph "173" of Plaintiff's Amendment and aver that World Series assignment decisions are based on legitimate, job-related factors.

174. Defendants deny the allegations in paragraph "174" of Plaintiff's Amendment.

175. Defendants admit that Alfonso Marquez was selected to work in the World Series in 2011 and 2015. Defendants aver that Laz Diaz was selected to work in the 2017 World Series and Kerwin Danley was selected to work in the 2018 World Series. Defendants otherwise deny the allegations in paragraph "175" of Plaintiff's Amendment.

176. Defendants admit that other than Alfonso Marquez, the other MLB umpires who were selected to work in the World Series between 2011 and 2016 self-identified as Caucasian. Defendants further admit that in 2011 and 2012, six members of the MLB umpiring staff self-identified as non-Caucasian and in 2013 through 2016, eight members of the MLB umpiring staff self-identified as non-Caucasian. Defendants aver that Laz Diaz was selected to work in the 2017 World Series and Kerwin Danley was selected to work in the 2018 World Series. Defendants otherwise deny the allegations in paragraph "176" of Plaintiff's Amendment.

177. Defendants deny the allegations in paragraph "177" of Plaintiff's Amendment.

178. Defendants repeat and restate each of the above responses, including the responses contained in their December 18, 2018 Answer, as if fully set forth herein.

179. Defendants deny the allegations in paragraph "179" of Plaintiff's Amendment.

180. Defendants deny the allegations in paragraph "180" of Plaintiff's Amendment.

181. Defendants admit that crew chief appointment decisions and World Series assignments are based on legitimate, job-related factors and otherwise deny the allegations in paragraph "181" of Plaintiff's Amendment.

182. Defendants deny the allegations in paragraph "182" of Plaintiff's Amendment.

183. Defendants deny the allegations in paragraph "183" of Plaintiff's Amendment.

184. Defendants repeat and restate each of the above responses, including the responses contained in their December 18, 2018 Answer, as if fully set forth herein.

185. Defendants deny the allegations in paragraph "185" of Plaintiff's Amendment.

186. Defendants deny the allegations in paragraph "186" of Plaintiff's Amendment.

187. Defendants admit that crew chief appointment decisions and World Series assignments are based on legitimate, job-related factors and otherwise deny the allegations in paragraph "187" of Plaintiff's Amendment.

188. Defendants deny the allegations in paragraph "188" of Plaintiff's Amendment.

189. Defendants deny the allegations in paragraph "189" of Plaintiff's Amendment.

190. Defendants repeat and restate each of the above responses, including the responses contained in their December 18, 2018 Answer, as if fully set forth herein.

191. Defendants deny the allegations in paragraph "191" of Plaintiff's Amendment.

192. Defendants deny the allegations in paragraph "192" of Plaintiff's Amendment.

193. Defendants admit that crew chief appointment decisions and World Series assignments are based on legitimate, job-related factors and otherwise deny the allegations in paragraph "193" of Plaintiff's Amendment.

194. Defendants deny the allegations in paragraph "194" of Plaintiff's Amendment.

195. Defendants deny the allegations in paragraph "195" of Plaintiff's Amendment.

196. Defendants deny the allegations in paragraph "196" of Plaintiff's Amendment.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

197. Plaintiff's claims are barred because Defendants' decisions and actions were job-related and consistent with business necessity.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

198. Plaintiff's claims are barred because Defendants' decisions and actions were based on bona fide factors other than race, color, and/or national origin.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

199. Plaintiff's claims are barred because Defendants' actions furthered legitimate, bona fide interests, and to the extent such actions had a discriminatory effect – which Defendants deny – no alternative would have served such interests with less discriminatory effect.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

200. Plaintiff's claims are barred to the extent that the claims challenge employment decisions and actions that were based on a bona fide seniority, merit, or incentive system.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

201. Plaintiff's claims are barred to the extent that each policy or practice that he challenges bears a significant relationship to a significant business objective of Defendants and/or does not contribute to any disparate impact.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

202. Plaintiff's claims are barred to the extent that he cannot establish that an alternative policy or practice with less disparate impact is available to Defendants that would serve Defendants' legitimate business needs.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

203. Plaintiff's claims are barred to the extent that Defendants' actions bear a rational relationship to and are valid predictors of employee job performance, and do not create an arbitrary, artificial and unnecessary barrier to employment.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

204. Plaintiff's claims are barred as to any matters not contained in Plaintiff's administrative charge, for which no right to sue letter has been issued, and/or for which he has failed to exhaust, and/or has elected, administrative remedies.

Defendants reserve the right to assert such other additional affirmative defenses that may become known during the course of this litigation.

WHEREAS, Defendants pray for judgment as follows:

(1) Dismissing the First Amended Complaint, including Plaintiff's Amendment, and Plaintiff's claims herein, with prejudice and in their entirety;

(2) Entering judgment against Plaintiff and in favor of Defendants;

(3) Awarding Defendants their costs, including reasonable attorneys' fees and expenses, in the amount and manner permitted by applicable law; and

(4) Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 11, 2019

                PROSKAUER ROSE LLP

                By:   /s/ *Neil H. Abramson*
                     Neil H. Abramson, Esq.
                     Adam M. Lupion, Esq.
                     Rachel S. Philion, Esq.

                Eleven Times Square
                New York, New York 10036
                Phone: (212) 969-3000
                Fax: (212) 969-2900
                nabramson@proskauer.com
                alupion@proskauer.com
                rphilion@proskauer.com

                *Attorneys for Defendants*
                THE OFFICE OF THE COMMISSIONER
                OF BASEBALL and MAJOR LEAGUE
                BASEBALL BLUE, INC.