
Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

April 24, 2020

Adam M. Lupion
Member of the Firm
d +1.212.969.3358
f 212.969.2900
alupion@proskauer.com
www.proskauer.com

**VIA ECF AND FIRST CLASS MAIL**

Hon. Gabriel W. Gorenstein
Chief U.S. Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 6B
New York, New York 10007-1312

Re:   *Angel Hernandez v. The Office of the Commissioner of Baseball, et al.*
      18 Civ. 9035 (JPO) (GWG)

Dear Judge Gorenstein:

    We represent Defendants The Office of the Commissioner of Baseball and MLB Baseball Blue, Inc. (together, "MLB") in the above-referenced matter.  Pursuant to Your Honor's Individual Practice 2(A), MLB respectfully requests a court conference to address an expert discovery dispute the parties have been unable to resolve.[1]

    As explained in further detail below, Plaintiff has refused to produce a memorandum (the "Memorandum") that his purported "human resources expert," Dr. Gregory W. Baxter ("Baxter") prepared supposedly setting forth the methodology underlying his December 13, 2019 report (the "Report").  Baxter first revealed the existence of this Memorandum during his March 5, 2020 deposition.  Plaintiff claims that the Memorandum is protected from disclosure pursuant to Fed. R. Civ. P. ("Rule") 26(b)(4), the attorney-client privilege and/or work product doctrine, and that MLB's request is untimely.  For the reasons explained below, Plaintiff's position is frivolous.  MLB respectfully requests that the Court order Plaintiff to produce the Memorandum.[2]

## Relevant Background

### A.  MLB's Document Requests and Baxter's Report

    On June 4, 2018, prior to the commencement of expert discovery, MLB served its First Request for the Production of Documents ("RFP").  In RFP No. 56, MLB requested "[a]ll

---

[1] Following written correspondence regarding this dispute, the parties met and conferred on April 20, 2020 for approximately 25 minutes by telephone.  Adam Lupion and Rachel Philion participated for MLB.  Jeff Landen, Kevin Murphy, and Nick Gregg participated for Plaintiff.  At the end of the call, undersigned counsel stated that the parties would be at impasse if Plaintiff continued to refuse to produce the Memorandum, and that MLB would seek a conference with the Court.  On April 22 at approximately 11:30 pm, Plaintiff's counsel advised that they would not produce the Memorandum.

[2] Because MLB learned of the existence of the Memorandum during Baxter's deposition, MLB did not close that deposition.  (Ex. E, at 212:17-21.)  Defendants reserve their right to continue his deposition based upon the Court's ruling on this dispute.

**Proskauer»**

Hon. Gabriel W. Gorenstein
April 24, 2020
Page 2

documents relating to any experts retained by or on behalf of Plaintiff including, but not limited to . . . all documents prepared by such experts, all reports of such experts [and] the work papers of such experts." (Ex. A, at 13-14.) Plaintiff objected to this Request to the extent that it sought the production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, to the extent that it sought materials beyond the scope of permissible discovery under Rule 26, and that it was overly broad, unduly burdensome, or sought irrelevant information. (Ex. B., at 32-33.)

On December 13, 2019, Plaintiff disclosed Baxter as a testifying expert, and served the Report. On December 23, 3019, MLB requested that Plaintiff supplement his response to RFP No. 56. (Ex. C, at 1.) On January 6, 2020, Plaintiff again objected to this request "to the extent they seek the production of documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or both." (Ex. D, at *2, *5.) Plaintiff agreed to "produce non-privileged documents responsive to this request[.]" (*Id.* at *5.)

In the Report, Baxter purportedly reviewed year-end performance evaluations for only three minority umpires and then purported to "compare" language in the year-end evaluations to the language in those umpires' individual game observation reports ("Umpire Evaluation Reports" or "UERs") to determine whether remarks in the year-end evaluations were, in Baxter's view, sufficiently similar to words or phrases contained in the UERs. To accomplish this task, Baxter placed the year-end evaluations and UERs for each of the three umpires side-by-side on his computer screen and searched the UERs for the same or similar words that appeared in the year-end evaluation. (Ex. E, at 111:19-112:8.)

Baxter testified that he changed his method for comparing year-end evaluations to UERs partway through his review, choosing at some undefined point to search the entire UER, rather than only a specific category. (*Id.* 139:19-140:2, 143:7-13.) Baxter does not have contemporaneous notes of the search terms he used in comparing UERs to year-end evaluations, and did not keep track of which UERs he searched in their entirety and which he searched only under a specific category. (*Id.* 118:25-119:12, 143:7-18.) Baxter did not keep track of which UERs he reviewed, and instead simply claims that he reviewed "all of them." (*Id.* 88:9-25.) Baxter also "color-coded" year-end evaluation comments to identify, in his view, comments that were positive, negative, or "word salad," a term he describes as platitudes unrelated to performance. (*Id.* at 126:19-127:5, 132:8-11.) The Report did not identify any protocol for Baxter's purported "searching" or "coding."

**B. Baxter Identifies the Memorandum During His March 5, 2020 Deposition**

MLB deposed Baxter on March 5, 2020. During Baxter's deposition, MLB learned for the first time that Baxter had prepared a memorandum outlining the "methodology" that he employed in comparing year-end evaluations to UERs. Baxter testified that he prepared the Memorandum on February 1, 2020 – ***seven weeks after*** he prepared the Report and nearly one month after Plaintiff served his discovery responses. (*Id.* at 14:16-15:12.) Baxter testified that the Memorandum was "[a] memo [he] had written to [him]self" "on the methodology for identifying comments as positive, negative or "word salad" and the method for identifying whether comments in the year-end reviews were supported by the Umpire Evaluation Reports[.]" (*Id.* at 14:22-15:7.)

**Proskauer»**

Hon. Gabriel W. Gorenstein
April 24, 2020
Page 3

He stated that he had prepared the Memorandum based on notes that he had taken while undertaking his analysis for the Report—notes that Baxter admitted he ***destroyed***. (*Id.* at 15:8-12, 23:7-19.)

Baxter further testified that the Memorandum includes a list of words that he had searched, as well as the criteria he used to determine whether an evaluation comment was positive or negative. (*Id.* at 118:25-119:12, 129:21-130:13.) None of this information is contained in the Report. Baxter testified that he prepared the Memorandum "[b]ecause [he] expected to be deposed about [his] methodology" and that he reviewed the Memorandum to prepare for his deposition. (*Id.* at 14:16-25; 15:22-16:1.) In fact, Baxter admitted that he does not have a good memory. (*Id.* at 23:25-24:4.) Baxter confirmed that Plaintiff's counsel ***did not*** request that he prepare the Memorandum. (*Id.* at 206:12-14.)

At the conclusion of Baxter's deposition on March 5, MLB called for the production of the Memorandum and any notes that Baxter had in his possession that he did not destroy, and kept the deposition open. (*Id.* at 212:7-21.) Plaintiff did not respond to MLB's request at all, so MLB followed-up on March 31, 2020 to renew its request for the Memorandum. Plaintiff waited two weeks to respond and on April 13 refused to produce the Memorandum or any documents bearing on Baxter's "methodology." That same day, MLB requested to meet and confer with Plaintiff's counsel to discuss this issue and proposed four time slots for a meet-and-confer that same week. Plaintiff responded and proposed dates the following week. During the April 20th meet and confer, Plaintiff's counsel stated that the Memorandum was "trial preparation material," despite the fact that Baxter testified that he prepared the Memorandum to prepare for his deposition. Plaintiff also stated that the Memorandum was privileged, despite the fact that Baxter admitted that it was not prepared at the direction of counsel and he wrote it to himself, and that MLB's request is untimely. Plaintiff's position is meritless.

## Discussion

### A. The Memorandum is Discoverable under Fed. R. Civ. P. 26

Contrary to Plaintiff's assertion, there is nothing in Rule 26 that exempts the Memorandum from disclosure. Rule 26 exempts from disclosure certain categories of expert-related discovery, including, principally, "drafts of any report or disclosure required under Rule 26(a)(2)" and "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(b)(4)(B)&(C). The Memorandum is neither a draft report nor a communication between Baxter and Plaintiff's counsel. As Baxter clearly testified, it is a "[a] memo on the methodology" he purports to have used for his Report. (*Id.* at 14:23-15:7.) This is further underscored by his statement that he created the Memorandum by referring to the notes he created while he was preparing the report—notes he subsequently destroyed. (*Id.* at 23:7-19 ("Q: Did you discard [your notes]? A: Yes. Q: When did you discard them? A: After I prepared the memo that summarized them."); *See also* 130:5-13.) Far from revealing attorney-client communications or attorney work-product, Baxter testified that he decided to prepare the Memorandum because he expected to be deposed and he stated unequivocally that Plaintiff's counsel did not request that he do so. (*Id.* at 15:22-16:1, 206:12-14.)

**Proskauer»**

Hon. Gabriel W. Gorenstein
April 24, 2020
Page 4

The Advisory Committee Notes to Rule 26 confirm that the Memorandum is precisely the type of material that ***is*** discoverable. The Notes state that Rules 26(b)(4)(B) and 26(b)(4)(C) "do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions. For example, the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule." 2010 Adv. Committee Notes to Rule 26. The Committee Notes further describe that the protection against disclosure of communications between attorneys and experts "does not extend to the expert's own development of the opinions to be presented; those are subject to probing in deposition or at trial." *Id.*; *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 293 F.R.D. 568, 577 (S.D.N.Y. 2013) ("[E]ven after the 2010 Amendment, the scope of expert discovery contemplated by Rule 26 is still expansive."). Baxter testified that the Memorandum contains the search terms he purportedly applied and the criteria he used for his "side by side" comparison to reach the conclusions set forth in his Report. This fits squarely within the type of discoverable material identified in the Advisory Committee Notes.[3]

Consistent with Rule 26, courts in this Circuit and elsewhere routinely determine that materials prepared by an expert describing a methodology are discoverable. *See, e.g., Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*, No. 3:12-cv-220 (WWE), 2014 WL 655206, at *2 (D. Conn. Feb. 20, 2014) (holding "the broad work product protection afforded by Rule 26(b)(3) is inapplicable to" materials authored by the expert himself); *Dongguk Univ. v. Yale Univ.*, No. 3:08-cv-00441 (TLM), 2011 WL 1935865, at *1 (D. Conn. May 19, 2011) ("[A]n expert's notes are not protected by 26(b)(4)(B) or (C), as they are neither drafts of an expert report nor communications between the party's attorney and the expert witness."); *Frappied v. Affinity Gaming Black Hawk, LLC*, No. 17-cv-01294 (RM) (NYW), 2018 WL 3586393, at *4 (D. Colo. July 26, 2018) ("The majority of courts considering this issue have concluded that an expert's testing and methodology are not exempt from disclosure by Rule 26(b)(4).").

The same determination was reached in *In re Application of Republic of Ecuador*, 280 F.R.D. 506, 513 (N.D. Cal. 2012). There, the respondents asserted work product privilege over documents and communications that the applicant requested from an expert witness. *Id.* at 508. Reviewing Rule 26, the court described "that expert materials and communications that fall outside the scope of Rule 26(b)(4)(B)–(C) are not work product and are, therefore, discoverable." *Id.* at 512. One set of documents at issue were "various notes, task lists, outlines, memoranda, presentations, and letters drafted by [the expert], his assistants, [and others]". *Id.* at 513. The court described that the work-product privilege "does not extend to the expert's own development of the opinions to be presented outside of draft reports." *Id.* The court held the notes, outlines, memoranda and other materials were "not draft expert reports under Rule 26(b)(4)(B). Nor are they communications between any expert and counsel." *Id.* The court therefore granted the applicant's motion to compel production of these documents.

---

[3] Nothing in this letter shall be construed as an admission or acknowledgment that Baxter is an "expert" and that his Report passes muster under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). MLB respectfully reserves all rights to move to exclude Baxter's Report and preclude him from testifying in this matter.

**Proskauer»**

Hon. Gabriel W. Gorenstein
April 24, 2020
Page 5

To the extent Plaintiff contends that the Memorandum is beyond the scope of Rule 26, this too is unfounded. As explained above, the Notes to Rule 26 describe that the "expert's own development of the opinions to be presented" *are* "subject to probing in deposition or at trial." 2010 Adv. Committee Notes to Rule 26. That is precisely what Baxter testified the Memorandum contains. The Memorandum is discoverable for the additional reason that Baxter reviewed it to prepare for his deposition. *Thomas v. Euro RSCG Life*, No. 09-cv-5500 (JSR), 264 F.R.D. 120, 122-23 (S.D.N.Y. 2010). Accordingly, the Memorandum is clearly discoverable and should be produced.

### B. MLB's Request for the Memorandum is Timely

Plaintiff's contention that MLB's request for the Memorandum is untimely is absurd. Plaintiff's boilerplate objection to MLB's RFP No. 56 on January 6, 2020 provided no information whatsoever upon which MLB could have meaningfully evaluated the objection. Indeed, MLB could not have known that Plaintiff was withholding Baxter's "memo of his methodology" at that time because that Memorandum ***did not even exist*** when Plaintiff served his objections; it was prepared nearly one month after the fact, on February 1, 2020. (Ex. E, at 15:8-12.)

As soon as MLB learned of the Memorandum during Baxter's deposition, MLB immediately requested its production on the record. (*Id.* at 212:7-16.) Plaintiff completely ignored this request, and MLB subsequently followed up on March 31 after Plaintiff's silence. Plaintiff failed to respond until April 13. To the extent Plaintiff claims there was some delay in bringing this issue to the Court, it was a result of Plaintiff's dilatory conduct in ignoring MLB's request and refusing to respond for more than one month following MLB's initial request. As soon as Plaintiff made clear that he would not produce the Memorandum, MLB immediately requested a meet and confer (which Plaintiff put off by one week) and promptly brought this issue before the Court after impasse. Plaintiff's contention that MLB could have raised an objection to Plaintiff's withholding of the Memorandum before it even knew of its existence, and, indeed, before Baxter had ***even written it***, defies logic.

\* \* \*

Based on the foregoing, MLB respectfully requests that Plaintiff be ordered to produce the Memorandum. We thank the Court for its attention to this matter.

Respectfully submitted,

*Adam M. Lupion*
Adam M. Lupion

cc:   All Counsel (via ECF and electronic mail)