U.S. DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANGEL HERNANDEZ, | : | Case No. 1:17-CV-00456 |
| | : | |
| Plaintiff, | : | Judge: Michael R. Barrett |
| | : | |
| vs. | : | |
| | : | |
| THE OFFICE OF THE COMMISSIONER | : | |
| OF BASEBALL and MAJOR LEAGUE | : | |
| BASEBALL BLUE, INC., | : | |
| | : | |
| Defendants. | : | |

---

## DEFNEDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to the May 7, 2018 order of the United States District Court for the Southern District of Ohio, directing the parties to engage in "generalized discovery," subject to Defendants' continuing objection to the Court's personal jurisdiction and venue (*see* Dkt. No. 8) and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Civil Rules of the Southern District of Ohio (the "Local Rules"), Defendants The Office of the Commissioner of Baseball ("Office of the Commissioner") and Major League Baseball Blue, Inc. ("MLB Blue") by and through their attorneys, Proskauer Rose LLP and Dinsmore & Shohl, LLP, hereby respond and object to "Plaintiffs' First Set of Interrogatories to the Office of the Commissioner of Baseball" (the "Interrogatories") as set forth below. Despite that Plaintiff has sued the Office of the Commissioner and MLB Blue in this lawsuit, he has propounded the Interrogatories solely to the Officer of the Commissioner. In an effort to

EXHIBIT

14

exhibitsticker.com

promote efficiency, the responses and objections set forth below are provided on behalf of both Defendants.

## **RESERVATION OF RIGHTS**

Any information provided in response to the Interrogatories shall not constitute an admission of the relevance, materiality, or admissibility of such, and all objections to the use of such information or to further disclosure are hereby expressly preserved.

Defendants' responses to the Interrogatories do not waive any of Defendants' defenses based upon lack of personal jurisdiction and/or improper venue, all of which are expressly preserved. Defendants reserve the right to supplement their responses to the Interrogatories and to assert additional objections to the extent necessary and appropriate, including to assert any objections applicable under the Local Civil Rules of the United States District Court for the Southern District of New York, should the Court transfer the action pursuant to Defendants' pending Motion to Dismiss for Lack of Personal Jurisdiction or In the Alternative to Transfer Venue to the Southern District of New York. (Dkt. 8.)

## **GENERAL OBJECTIONS**

Defendants assert the following general objections to the Interrogatories, which are applicable to and incorporated by reference in their specific objections and responses to each interrogatory:

1.    Defendants object to the Interrogatories, including the "Definitions" and "Instructions" sections contained therein, to the extent they purport to enlarge or alter Defendants' obligations under the FRCP and/or Local Rules, or to enlarge the scope of discovery permitted by said rules or other applicable law.

2

2.      Defendants object to the Interrogatories to the extent they seek information protected from discovery by the attorney-client privilege, the attorney-work product doctrine, and/or any other applicable privilege.  No response made by Defendants herein is intended to, or shall, waive any such applicable privilege.

3.      Defendants object to the Interrogatories to the extent they seek confidential, proprietary, and/or private information regarding Defendants and their current and/or former employees other than Plaintiff, or other non-parties.  To the extent Defendants agree to the production of any such information, no information shall be produced unless and until an appropriate protective order or stipulation of confidentiality is agreed upon by the parties and so-ordered by the Court.

4.      Defendants object to the Interrogatories to the extent they seek information required to be kept confidential pursuant to the Basic Agreement between the Office of the Commissioner and the World Umpires Association and/or the Basic Agreement between the 30 Major League Clubs and the Major League Baseball Players Association.

5.      Defendants object to the Interrogatories to the extent Plaintiff requests information outside of the relevant and/or statutory time period.  Such a time period is overly broad.  Plaintiff claims alleged disparate treatment based on race, color, and/or national origin with respect to crew chief appointment and World Series assignment decisions, beginning in 2011. (*See* Compl. generally.)  Moreover, Defendants have moved to dismiss Plaintiff's claim under O.R.C. § 4112 and the Court's ruling is currently pending.  To the extent Plaintiff's O.R.C. claim is dismissed, Defendants object to producing information outside of the applicable limitations period for Plaintiff's remaining claims.

3

## RESPONSES AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1:**

Identify each person you expect to call as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's expected testimony.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to this Interrogatory on the grounds that it is premature.

Subject to and without waiving the foregoing objection, Defendants' identification of experts, if applicable, will be provided at the appropriate time. Defendants have not yet determined if they will engage a testifying expert(s) in this matter but reserve their right to do so within the applicable time period.

**INTERROGATORY NO. 2:**

Identify each person you expect to call as a lay witness at any trial in this matter and the subject-matter of the person's expected testimony.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to this Interrogatory on the ground that it is premature.

Subject to and without waiving the foregoing objection, identification of lay witnesses will be provided at the appropriate time.

**INTERROGATORY NO. 3:**

Identify each person known or reasonably believed by you to have knowledge of any of the facts or circumstances regarding the subject matter of the Complaint and any defenses to the claims in that Complaint and, for each such person, provide an address and telephone number and a summary of the facts and/or circumstances you believe that person may possess.

4

**RESPONSE TO INTERROGATORY NO. 3**:

Defendants object to this Interrogatory on the grounds that it is overly broad and calls for a narrative response that is more appropriately obtained through deposition discovery.

Subject to and without waiving the foregoing objection, the following individuals may have discoverable knowledge or information concerning Plaintiff's claims and Defendants' defenses in this lawsuit:

1. Joe Torre, c/o undersigned counsel

2. Peter Woodfork, c/o undersigned counsel

**INTERROGATORY NO. 4**:

Identify and describe the criteria used when determining whether an umpire should be promoted to the crew chief position, including the date and nature of any changes, amendments or revisions of those criteria.

**RESPONSE TO INTERROGATORY NO. 4**:

Defendants object to this Interrogatory on the grounds that it is overly broad and calls for a narrative response that is more appropriately obtained through deposition discovery.

Subject to and without waiving the foregoing objection, the Office of the Commissioner bases crew chief appointment decisions on legitimate, job-related factors. In making crew chief selections, the Office of the Commissioner considers the umpire's performance in the most recent season as well as the length and consistency of his career contributions. The Office of the Commissioner relies on a variety of factors, including but not limited to:

- Leadership skills, including situation management, maintaining an appropriate pace-of-game, on-field presence, demeanor, hustle, focus, and integrity;

- Overall quality of performance, including strike zone accuracy, made/missed calls, ability to properly enforce the Replay Regulations and Procedures on the field and as a Replay Official, how much or how often the umpire exceeds/does

not meet expectations, keeping the focus of the game on the field, and agility and position accuracy in getting the appropriate angle on calls;

- Fulfillment of duties and responsibilities, including attendance and the umpire's adherence to the Four-Umpire System, as well as other mandates of the Major League Baseball Umpire Manual, the Official Playing Rules, Replay Regulations, and the Basic Agreement; and

- Initiative, including whether the umpire takes the initiative to train and mentor junior umpires.

In addition, the Office of the Commissioner may consider seniority when exercising its appointment discretion, but seniority does not control the Office of the Commissioner's appointment decisions.  Defendants also incorporate herein their responses to Request Nos. 2 and 5 in their Responses and Objections to Plaintiff's First Set of Requests for the Production of Documents.

**INTERROGATORY NO. 5**:

Specify why only one individual of Latin or Hispanic descent has been selected as permanent crew chief since that position was created.

**RESPONSE TO INTERROGATORY NO. 5**:

Defendants object to this Interrogatory on the grounds that it is argumentative, presumes the existence of certain facts not in evidence and is based on assumptions neither proven by Plaintiff nor admitted by Defendants, and seeks information that is not relevant to any party's claim or defense in this action in which Plaintiff claims alleged disparate treatment based upon his race, color, and/or national origin with respect to crew chief appointment and World Series assignment decisions.

Subject to and without waiving the foregoing objection, *see* Defendants' response to Interrogatory No. 4, above.

6

**INTERROGATORY NO. 6**:

State with specificity why there have been no African Americans selected to be a full time crew chief.

**RESPONSE TO INTERROGATORY NO. 6**:

Defendants object to this Interrogatory on the grounds that it is argumentative, presumes the existence of certain facts not in evidence and is based on assumptions neither proven by Plaintiff nor admitted by Defendants, and seeks information that is not relevant to any party's claim or defense in this action in which Plaintiff claims alleged disparate treatment based upon his race, color, and/or national origin with respect to crew chief appointment and World Series assignment decisions.

Subject to and without waiving the foregoing objection, *see* Defendants' response to Interrogatory No. 4, above.

**INTERROGATORY NO. 7**:

Identify the names of all umpire supervisors, observers and any other individuals who evaluated umpires in the last 12 years.

**RESPONSE TO INTERROGATORY NO. 7**:

Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in this action in which Plaintiff claims alleged disparate treatment based upon his race, color, and/or national origin with respect to crew chief appointment and World Series assignment decisions.

Subject to and without waiving the foregoing objections, the following individuals have served as Plaintiff's supervisor between 2011 and present:

1. Steve Palermo (2011, 2016)

7

2. Ed Montague (2012, 2013, 2015, 2017, 2018)

3. Charles Reliford (2014)

Dated: July 2, 2018                           AS TO THE OBJECTIONS:

                                              PROSKAUER ROSE LLP

                                              By: s/
                                                  Neil H. Abramson (*pro hac vice*)
                                                  Rachel S. Philion (*pro hac vice*)
                                                  11 Times Square
                                                  New York, NY 10036-8299
                                                  Phone: (212) 969-3000
                                                  Fax: (212) 969-2900
                                                  nabramson@proskauer.com
                                                  rphilion@proskauer.com

                                              DINSMORE & SHOHL LLP

                                              By: s/
                                                  Michael S. Glassman
                                                  1900 First Financial Center
                                                  255 East Fifth Street
                                                  Cincinnati, Ohio 45202
                                                  Phone: (513) 977-8200
                                                  Fax: (513) 977-8141
                                                  michael.glassman@dinsmore.com

                                              *Attorneys for Defendants*
                                              OFFICE OF THE COMMISSIONER
                                              OF BASEBALL and
                                              MLB BASEBALL BLUE, INC.

8

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ANGEL HERNANDEZ, | : | Case No. 1:17-CV-00456 |
| | : | |
| Plaintiff, | : | Judge: Michael R. Barrett |
| | : | |
| vs. | : | |
| | : | **VERIFICATION** |
| THE OFFICE OF THE | : | |
| COMMISSIONER OF BASEBALL and | : | |
| MAJOR LEAGUE BASEBALL BLUE, | : | |
| INC., | : | |
| | : | |
| Defendants. | : | |

Peter Woodfork, being duly sworn, deposes and says:

I am Senior Vice President of On-Field Operations at the Office of the Commissioner of

Baseball and President of Major League Baseball Blue, Inc. I have read the foregoing

Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories and know the

contents thereof. The responses set forth in Defendants' Objections and Responses to Plaintiff's

First Set of Interrogatories are true and correct to the best of my knowledge, and as to matters

outside my personal knowledge, I believe them to be true based on my communications with

others and/or my review of business records.

_____
Peter Woodfork

Sworn to me this 2nd day
of July, 2018

_____
NOTARY PUBLIC
My Commission Expires _FEBRUARY 19 2020_

HERIBERTA DIAZ
NOTARY PUBLIC - STATE OF NEW YORK
No. 01DI6182027
Qualified in Bronx County
My Commission Expires February 19, 2020

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ANGEL HERNANDEZ, | : | Case No. 1:17-CV-00456 |
| | : | |
| Plaintiff, | : | Judge: Michael R. Barrett |
| | : | |
| vs. | : | |
| | : | |
| THE OFFICE OF THE COMMISSIONER | : | **CERTIFICATE OF SERVICE** |
| OF BASEBALL and MAJOR LEAGUE | : | |
| BASEBALL BLUE, INC., | : | |
| | : | |
| Defendants. | : | |

      MICHAEL S. GLASSMAN, an attorney admitted to practice law in the State of Ohio, states as follows:

      On July 2, 2018, I caused a copy of Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories to be served electronically and overnight delivery upon:

> Kevin L. Murphy, Esq. and J. Jeffrey Landen, Esq.
> MURPHY LANDEN JONES PLLC
> 2400 Chamber Center Drive, Suite 200
> P.O. Box 17534
> Fort Mitchell, Kentucky 41017-0534
> KMurphy@MLJfirm.com
> JLanden@MLJfirm.com
> *Attorneys for Plaintiff*

MICHAEL S. GLASSMAN