NEIL H. ABRAMSON
ADAM M. LUPION
RACHEL S. PHILION
RACHEL S. FISCHER
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Defendants*
THE OFFICE OF THE COMMISSIONER
OF BASEBALL and MAJOR LEAGUE
BASEBALL BLUE, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>THE OFFICE OF THE COMMISSIONER OF BASEBALL and MAJOR LEAGUE BASEBALL BLUE, INC.<br><br>Defendants. | No. 18 Civ. 9035 (JPO) (GWG) |

# DEFENDANTS' REPLY MEMORANDUM
## IN FURTHER SUPPORT OF MOTION TO COMPEL PRODUCTION

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

I.      PLAINTIFF FAILED TO SATISFY HIS BURDEN TO ESTABLISH THAT
        THE MEMO IS IMMUNE FROM DISCLOSURE. ........................................................ 2

        A.      The Memo Constitutes Discoverable Facts Or Data ................................................. 2

        B.      The Memo Is Not A Protected Communication. ...................................................... 6

II.     MLB'S MOTION IS TIMELY ........................................................................................ 8

CONCLUSION ............................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Astra Aktiebolag v. Andrx Pharm., Inc.*,
   208 F.R.D. 92 (S.D.N.Y. 2002) ...............................................................................7

*Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*,
   218 F. Supp. 3d 197 (E.D.N.Y. 2016) .....................................................................7

*Cunningham v. Cornell Univ.*,
   16-cv-6525 (PKC), 2019 WL 4735876 (S.D.N.Y. Sept. 27, 2019)...........................3

*Deangelis v. Corzine*,
   11-cv-7866 (VM) (JCF), 2016 WL 93862 (S.D.N.Y. Jan. 7, 2016)......................4,5

*E.E.O.C. v. Johnson & Higgins, Inc.*,
   No. 93-cv- 5481 (LBS), 1998 WL 778369 (S.D.N.Y. Nov. 6, 1998)........................7

*Frappied v. Affinity Gaming Black Hawk, LLC*,
   No. 17-cv-01294 (RM) (NYW), 2018 WL 3586393 (D. Colo. July 26, 2018)...........8

*HSH Nordbank AG N.Y. Branch v. Swerdlow*,
   259 F.R.D. 64 (S.D.N.Y. 2009) ...............................................................................6

*In re Application of Republic of Ecuador*,
   280 F.R.D. 506 (N.D. Cal. 2012) .............................................................................5

*In re Grand Jury Subpoena Dated Jan. 4, 1984*,
   750 F.2d 223 (2d Cir. 1984)......................................................................................2

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*,
   17 F. Supp. 3d 400 (S.D.N.Y. 2014) (WHP) (GWG)................................................7

*Republic of Ecuador v. Hinchee*,
   741 F.3d 1185 (11th Cir. 2013) ................................................................................4

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*,
   324 F. Supp. 3d 387 (S.D.N.Y. 2018)......................................................................3

*Salazar v. Ryan*,
   No. 96-cv-00085 (TUC) (FRZ), 2017 WL 2633522 (D. Ariz. June 19, 2017) ....4, 5

*United States v. Mount Sinai Hosp.*,
185 F. Supp. 3d 383 (S.D.N.Y. 2016)........................................................................7

*Wenk v. O'Reilly*,
No. 12-cv-474 (TPK), 2014 WL 1121920 (S.D. Ohio Mar. 20, 2014) ............................4, 5, 6

## OTHER AUTHORITIES

2010 Adv. Committee Notes to Rule 26............................................................................3

## PRELIMINARY STATEMENT

Plaintiff's attempt to withhold production of a non-privileged document created by his purported expert, Gregory Baxter ("Baxter"), is based on an egregious misrepresentation of the facts and a strained analysis of the law.  Defendants, the Office of the Commissioner of Baseball and Major League Baseball Blue, Inc. (collectively, "MLB"), are entitled to Baxter's memo.  In his opposition brief (Doc. 145, "Pl. Opp."), Plaintiff for the first time suggests that the Baxter memo is a "draft report" immune from disclosure.  The problem with this brand new claim – and all of Plaintiff's previously-asserted grounds for withholding the document – is that it directly contradicts Baxter's own testimony.  At deposition, Baxter was crystal clear that: (i) he created the memo to memorialize the methods he used in preparing his report; (ii) he prepared the memo based on his notes that he subsequently destroyed; (iii) he wrote the memo to himself; (iv) Plaintiff's counsel did not request that he prepare the memo; and (v) he relied on the memo to prepare for his deposition.  As explained in MLB's letter motion (Doc. 136) and more fully in Point I, below, the Baxter memo is discoverable and all of Plaintiff's arguments to the contrary are meritless.

In a desperate attempt to avoid disclosure, Plaintiff makes the preposterous assertion that MLB was obligated to challenge Plaintiff's boilerplate objections to its discovery requests months before the document at issue was even created.  As set forth in Point II, MLB requested the document the same day it learned of its existence.  Plaintiff waited more than one month to respond to MLB that he would not produce it, after which MLB immediately requested to meet and confer, and then brought this dispute to the Court's attention less than *two days* after Plaintiff confirmed his refusal to produce the requested document.  Accordingly, MLB's motion is timely.

## ARGUMENT

**I.    PLAINTIFF FAILED TO SATISFY HIS BURDEN TO ESTABLISH THAT THE MEMO IS IMMUNE FROM DISCLOSURE.**

As the Court explained, Plaintiff has the burden of sustaining any claims of attorney-client and/or work product privilege.  (Doc. 143.)  "It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship, . . . a burden not discharged by mere conclusory or ipse dixit assertions."  *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224–25 (2d Cir. 1984) (internal citations omitted).  Plaintiff has fallen woefully short of meeting his burden.

Plaintiff attempts to resist disclosure on two principal grounds:  that the memo somehow constitutes a "draft" report for "trial preparation" purposes, and that it is shielded from disclosure because Baxter sent the memo to Plaintiff's counsel after he created it.  These arguments are devoid of merit.

### A.  The Memo Constitutes Discoverable Facts Or Data.

Plaintiff's suggestion that the memo is somehow "trial preparation" material or a "draft report" cannot be squared with Baxter's own testimony.  When asked multiple times at his deposition about the memo (after he disclosed its existence), Baxter ***never*** described it as a "draft" or "supplement" as he now claims.   Rather, Baxter testified clearly that he reviewed the memo to prepare for his deposition testimony and that he wrote the memo to himself because he expected to be deposed about his methodology.  (Doc. 136-5, at 14:16-16:1.)   He explained that the memo contains the list of search terms he used to search the evaluations, and identifies the methods he used in preparing his report (*E.g.*, *id.* at 15:1-7, 118:25-119:12, 129:7-130:11 (identifying comments contained in reviews as positive, negative or "platitudes" and whether comments were supported by underlying evaluation reports).)  He testified that he used these methods "literally

hundreds of times in preparing [his] report. It was merely a matter of writing them all down." (*Id.* at 16:6-22.) Baxter also stated that he made contemporaneous notes of his methods while he created his report, converted those notes into the memo and then destroyed the notes. (*Id.* at 23:7-19, 130:3-13.)

It is well-settled that an expert's notes are not protected from disclosure. Indeed, the Advisory Committee Notes to the 2010 amendments to Federal Rule of Civil Procedure ("Rule") 26 distinguish between "theories or mental impressions of counsel", which are not subject to disclosure or discovery, and "facts or data" – a phrase that the Advisory Committee noted should be "interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients." The Advisory Committee explained that Rule 26(b)(4) should not be interpreted to "impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions. . . ." 2010 Adv. Committee Notes to Rule 26. The Advisory Committee expressly noted that "the expert's testing of material involved in litigation, and notes of any such testing" is discoverable. *Id.*

There can be no reasonable dispute, based on Baxter's own testimony, that his memo constitutes "facts or data" related to his methodology and is therefore discoverable. Baxter's methodology bears directly on ascertaining the veracity and reliability of his report and whether his analysis can be replicated. *See Cunningham v. Cornell Univ.*, 16-cv-6525 (PKC), 2019 WL 4735876, at *10 (S.D.N.Y. Sept. 27, 2019); *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 324 F. Supp. 3d 387, 393-94 (S.D.N.Y. 2018).

Plaintiff, however, does not cite a single case to support his assertion that the memo describing his methodology is protected under any provision of Rule 26(b)(4). His failure to cite any case law is hardly surprising, as Courts that have addressed this issue have rejected the very

3

position Plaintiff urges this Court to adopt.  The court's decision in *Wenk v. O'Reilly*, No. 12-cv-474 (TPK), 2014 WL 1121920 (S.D. Ohio Mar. 20, 2014), is instructive.  In that case, defendants sought to withhold its expert's notes because they did not contain "independent facts or data."  The court rejected that argument, stating:

> That argument is inconsistent with the Advisory Committee Notes and the three Court of Appeals cases, however.  Defendants here . . . urge a narrow reading of the phrase "facts or data" appearing in Rule 26(a)(2), but the intent of the drafters was just the opposite.  Apart from shielding attorney work product from disclosure, there is no reason to prevent an opposing party from finding out how an expert arrived at his or her conclusions, including discovering the thought processes which led the expert there.  Drafts are protected because, as noted above, the drafting process ordinarily entails communications between the expert and counsel and usually involves feedback from counsel, a process which is likely to include revelation of attorney work product.  ***Notes made independently by an expert do not fall into that category, and notes which contain observations about facts or analyses of facts have "factual ingredients," making them subject to disclosure or discovery***.

*Id*. at *4 (emphasis added).[1]  *See also Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1194–95 (11th Cir. 2013) (explaining that the 2010 amendments to Rule 26 do not "suggest[] the drafters' intent to confer work-product status on the notes of a testifying expert"); *Salazar v. Ryan*, No. 96-cv-00085 (TUC) (FRZ), 2017 WL 2633522, at *3 (D. Ariz. June 19, 2017) (stating that doctor's "contemporaneous notes are no different from raw data generated during testing, and would thus be discoverable as a means of providing the basis of [the doctor's] opinion").

Plaintiff's post-hoc characterization of the memo as a "draft report" is meaningless.  As the court in *Deangelis v. Corzine*, stated unequivocally:  "[T]the suggestion that a non-privileged

---

[1] While the court in *Wenk* was skeptical that the notes were protected, it nonetheless asked for them to be provided *in camera* to the extent defendant continued to withhold them in light of the court's opinion.  *In camera* review is not necessary here because in his deposition testimony Baxter described the contents of the memo and the circumstances of its creation with the detail necessary to conclude that the memo is discoverable without any further review.

4

document attains privileged status under Rule 26(b)(4)(B) simply by including the word 'draft' in the electronic file name is nonsense. It is the substance of the document and the circumstances of its creation, not its label, that dictate whether it is, in fact, a draft." 11–cv-7866 (VM) (JCF), 2016 WL 93862, at *3 n.5 (S.D.N.Y. Jan. 7, 2016). *See also Salazar,* 2017 WL 2633522, at *2 ("[W]hether or not the documents at issue are labeled 'draft report' or 'witness interview notes' or something else entirely is irrelevant."); *In re Application of Republic of Ecuador*, 280 F.R.D. 506, 514 (N.D. Cal. 2012) (ordering production of "any memoranda, notes, outlines, and reviews ***mislabeled as draft reports***") (emphasis added).

Plaintiff acknowledges that *Deangelis* is "relevant authority," (Pl. Opp. at 14 & n.13), but that case further undermines his claim that the memo is protected. The expert in that case testified that he included the documents at issue as a section in his draft report and "anticipated that those documents would form a part of the report he was drafting," but that he later deleted it and opted not to include the documents in his final report. *Deangelis*, 2016 WL 93862, at *4. The court relied on that representation in determining that a "write-up" and a "chart" were, in fact, "preliminary versions of portions of [the] expert report." *Id.* Those facts are the opposite of what Baxter testified. The notes were Baxter's attempt to memorialize the methods he used to conduct his analysis, which he converted into the memo and then destroyed. (Doc. 136-5, at 14:23-15:12, 23:3-19.) There was no suggestion that he ever sought to include the notes in any form in any version of his report. To the contrary, he testified that he prepared the memo because he expected to be asked about his methodology at his deposition. (*Id.* at 15:22-16:1.) This does not constitute a "draft" even under the most liberal interpretation of that term. As the court in *Wenk* observed:

> Experts review many things in preparation for writing a report. In a case where any kind of testing, analysis or observation of a tangible item is involved-for example, testing the braking system of a vehicle to see if it is working properly, or analyzing the chemical

> composition of a medication-the notes taken by the expert during that procedure are clearly not "draft reports." If it were otherwise, everything an expert writes down, no matter when in the opinion-forming process that occurs, and no matter what the reason, would qualify as a "draft."  That is simply not consistent with either the language of the Advisory Committee Notes or with the concept that full discovery of the bases of expert opinions (setting aside attorney work product) is the norm and furthers the search for the truth.

2014 WL 1121920, at *6.

The gaping hole in Baxter's affidavit is the absence of any suggestion that the memo contains an opinion from him or the mental impressions of Plaintiff's counsel.  There can be no such assertion because Baxter testified that he wrote the memo to himself in an attempt to memorialize his methods almost two months after he created his report.

Accordingly, Baxter's memo purporting to set forth the methods he used for his analysis is neither a draft report nor otherwise protected as trial preparation material within the meaning of Rule 26(b)(4), regardless of how he labeled the document.

### B.  The Memo Is Not A Protected Communication.

Plaintiff's suggestion that the memo is a protected communication should be rejected out of hand.  The memo plainly is not a communication.[2]  As noted above, it is a document purportedly summarizing the methods Baxter used in preparing his report.  And as Baxter conceded at his deposition, the memo *was not* prepared at the request of Plaintiff's counsel.  (Doc. 136-5 at 206:12-14.)  The fact that he sent the memo to Plaintiff's counsel is, therefore, irrelevant.  It is well-settled that a party cannot cloak information with a privilege simply by sending that document to a lawyer. *See*, *e.g.*, *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 259 F.R.D. 64, 70 n.7 (S.D.N.Y. 2009) (internal citation omitted) ("[A] document is not privileged merely because it was sent or received

---

[2] To be clear, MLB is not seeking the disclosure of the substance of Baxter's communications with Plaintiff's counsel (e.g., Baxter's email transmitting the memo). It seeks only the memo itself.

between an attorney and client."); *Astra Aktiebolag v. Andrx Pharm., Inc.*, 208 F.R.D. 92, 103 (S.D.N.Y. 2002) (internal citation omitted) ("Attachments which do not, by their content, fall within the realm of the privilege cannot become privileged by merely attaching them to a communication with an attorney.").

Even if the memo was privileged (which it is not), Baxter testified that he reviewed it to prepare for his deposition because he expected to be deposed about his methodology, and he does not have a good memory.  (Doc. 136-5 at 15:22-16:1, 23:24-24:4.).  Those facts alone mean the memo is discoverable.  *See United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 393-94 (S.D.N.Y. 2016) (privileged documents reviewed to refresh recollection for the purpose of testimony are discoverable); *E.E.O.C. v. Johnson & Higgins, Inc.*, No. 93-cv- 5481 (LBS), 1998 WL 778369, at *11-12 (S.D.N.Y. Nov. 6, 1998) (same).

Moreover, Plaintiff's position that the memo is privileged is belied by the fact that he did not interpose a single objection during Baxter's deposition in response to numerous questions regarding the contents of the memo.  To the contrary, Baxter was permitted to freely testify regarding the contents of the memo.  To the extent that the memo was ever privileged, Plaintiff's willingness to permit Baxter to testify regarding its contents without objection amounts to a waiver. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 17 F. Supp. 3d 400, 405-06 (S.D.N.Y. 2014) (WHP) (GWG) (attorney-client privilege waived based on witness's testifying regarding communications with his attorney); *Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, 218 F. Supp. 3d 197, 201 (E.D.N.Y. 2016) (holding a "party's . . . failure to timely and specifically object to the *use* of [privileged] information—during a deposition, for example—*can* waive any applicable privilege.").

Plaintiff's attempt to distinguish *Frappied v. Affinity Gaming Black Hawk, LLC*, No. 17-cv-01294 (RM) (NYW), 2018 WL 3586393 (D. Colo. July 26, 2018) reinforces this point.  Plaintiff admits that Baxter's analysis and calculations are appropriate for ***deposition*** testimony, but, based on a tortured reading of *Frappied*, not disclosure outside of a deposition.  Neither *Frappied* nor Rule 26 makes such a distinction.  Plaintiff's tacit admission that the contents of the Baxter memo and questions "about the analyses that he performed and the results of those analyses" were discoverable through "deposition questions" is simply incompatible with his position that the memo is protected from disclosure outside of that deposition.  (Pl. Opp. at 16.)

## II.     MLB'S MOTION IS TIMELY.

The crux of Plaintiff's timeliness argument is that "MLB knew not later than January 6, 2020 that Plaintiff objected to the production of any documents from Dr. Baxter's file that fall outside the scope of permissible discovery . . ." and in fact knew as early as December 2019.  (Pl. Opp. at 7.)  Plaintiff's suggestion that MLB somehow was obligated to bring this instant dispute to the Court's attention at that time is nonsensical.  Those dates are irrelevant because the memo that is the subject of MLB's motion ***did not exist until February 7, 2020*** – more than one month after Plaintiff served boilerplate objections to MLB's expert discovery requests.  Thus, there was no document to compel at the time Plaintiff accuses MLB of inaction.  Simply put, there was no ripe dispute until Plaintiff confirmed his refusal to produce the memo on April 22, 2020.

As explained in MLB's letter motion, MLB first learned of Baxter's memo on March 5, 2020 during his deposition.  It requested the memo on the record during his deposition and kept the deposition open pending its production.  (Doc. 136-5, at 212:5-21.)  Plaintiff failed to respond to MLB's request until April 13.  While Plaintiff's complete silence and failure to respond is at least somewhat understandable given the extenuating circumstances all parties were operating

under as of mid-March, his attempt to hold his own delayed response against MLB should not be countenanced.  As the undisputed facts confirm, there was no undue delay that can be attributed to MLB.

Indeed, as soon as Plaintiff stated his refusal to produce the memo on April 13, MLB requested to meet and confer that same week.  Plaintiff delayed the meet and confer until the following week.  On April 20, the parties met and conferred via telephone and explained their respective positions, including MLB's assertion that a refusal to produce the memo would result in an impasse, and its intent to raise the dispute with the Court if Plaintiff continued to withhold it.[3]  MLB asked for Plaintiff's final position by close of business on Wednesday, April 22.  Plaintiff confirmed his refusal to produce the memo at 11:35 p.m. on April 22.  MLB filed its motion less than two days later, on April 24 at 4:02 p.m.  MLB's diligence in this regard fully comports with this Court's requirement to promptly raise any discovery dispute with the Court.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in MLB's letter motion (Doc. 136), MLB respectfully requests that the Court order Plaintiff to produce the Baxter memo.

---

[3] Ironically, Plaintiff appears to suggest that MLB should have waited even *longer* to bring this dispute to the Court's attention by engaging in additional back and forth regarding any additional cases on which MLB intended to rely (Pl. Opp. at 9, n.4), when it is clear based on his April 22 correspondence and his opposition brief that he had no intention of producing the memo.

Dated: New York, New York
        May 4, 2020

                                PROSKAUER ROSE LLP

                        By:     */s/ Adam M. Lupion*
                                Neil H. Abramson, Esq.
                                Adam M. Lupion, Esq.
                                Rachel S. Philion, Esq.
                                Rachel S. Fischer, Esq.

                                Eleven Times Square
                                New York, New York 10036-8299
                                Phone:  212.969.3000
                                Fax:  212.969.2900
                                nabramson@proskauer.com
                                alupion@proskauer.com
                                rphilion@proskauer.com
                                rfischer@proskauer.com

                                *Attorneys for Defendants*
                                THE OFFICE OF THE
                                COMMISSIONER
                                OF BASEBALL and MAJOR
                                LEAGUE BASEBALL BLUE, INC.