UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                                :
ANGEL HERNANDEZ,                                                :
                                                                :      OPINION & ORDER
                                Plaintiff,                       :
                                                                :      18 Civ. 9035 (JPO) (GWG)
                -v.-                                             :
                                                                :
THE OFFICE OF THE COMMISSIONER OF                               :
BASEBALL, et al.,                                               :
                                                                :
                                Defendants.                      :
----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Angel Hernandez, an umpire employed by Major League Baseball ("MLB"), has

sued the Commissioner of Baseball and a related entity.  See First Amended Complaint with Jury

Demand, filed Nov. 27, 2018 (Docket # 35); Second Amended Complaint, filed Nov. 27, 2019

(Docket # 123) ("SAC") ¶ 153 (incorporating First Amended Complaint).  We have described

the allegations of the operative complaint in a previous decision.  See Hernandez v. Off. of the

Commr. of Baseball, 331 F.R.D. 474 (S.D.N.Y. 2019).  In brief, Hernandez alleges MLB

discriminated against him by not assigning him to umpire the World Series and by not promoting

him to be a crew chief.  Id. at 475-76.  Hernandez alleges that "the Crew Chief Promotion

Process rel[ies] overwhelmingly on subjective criteria" and thus "gives Major League Baseball

nearly limitless authority to promote to the crew chief position whichever umpire it wants,

without adequate consideration for objective data or objective criteria that would guide their

decision-making process."  SAC ¶ 166.

The defendants now move to compel production of a memorandum written by

Hernandez's expert, Dr. Gregory W. Baxter, which was withheld as work product under Rule

26(b)(4) of the Federal Rules of Civil Procedure.[1]  For the following reasons, defendants' motion

to compel is granted.

I.  FACTS

        Before any experts were disclosed, defendants served Hernandez with a document

request seeking any documents or work papers of his experts, to which Hernandez made general

and specific objections, including work product objections.  See Defendants' First Request for

the Production of Documents, filed April 24, 2020 (Docket # 136-1) ¶ 56; Plaintiff's Response

and Objections to Defendants' First Request for the Production of Documents, filed April 24,

2020 (Docket # 136-2) ¶ 56.  On December 13, 2019, Hernandez identified Baxter as his expert

and disclosed Baxter's expert report.  Def. Ltr. at 2.  Defendants deposed Baxter on March 5,

2020.  See id.; see also Videotaped Deposition of Gregory W. Baxter, filed April 24, 2020

(Docket # 136-5) ("Baxter Depo.").  During the course of that deposition, counsel asked Baxter

if he had reviewed any documents to prepare for the deposition.  Baxter Depo. at 14.  Baxter

replied that one of the documents he reviewed was "[a] memo I had written to myself but never

included in the expert report."  Id.  He further described the document as:

> A memo on the methodology for identifying comments as positive, negative or
> platitude and the method for identifying whether the author's comments in the
> year-end reviews were supported or unsupported by the Umpire Evaluation
> Reports or UERs.

Id. at 15.

---

[1]  See Letter from Adam M. Lupion, dated April 24, 2020 (Docket # 136) ("Def. Ltr.");
Memorandum of Law in Opposition to Def. Ltr., filed May 1, 2020 (Docket # 145) ("Pl. Opp.
Mem."); Reply Memorandum of Law in Support of Def. Ltr., filed May 4, 2020 (Docket # 146)
("Def. Reply"); Reply Memorandum of Law in Opposition to Def. Ltr., filed May 6, 2020
(Docket # 147) ("Pl. Reply").

Baxter testified that this memorandum was prepared on February 1, 2020 — many weeks after he submitted his expert report.  Id. at 16.  When asked why he prepared the memorandum, Baxter answered "[b]ecause I expected to be deposed about my methodology." Id. at 15.  Baxter testified that the memorandum summarized notes he had created while writing his report and that these notes concerned the methodology he used for evaluating comments by defendants' employees on the performance of umpires.  Id. at 23, 126-30.  Baxter then destroyed those notes.  Id. at 23, 130.  When asked why he prepared the memorandum, Baxter answered "[t]o help the jury and to be clear in my deposition."  Id. at 206.   He was also asked, "Did counsel request that you prepare the memo?" to which Baxter replied that counsel had not. Id.

In an affidavit filed in opposition to the instant motion, Baxter gives a history of a Microsoft Word document that he created on the "morning of February 6, 2020" called "expanded methodology.docx."  See Affidavit of Gregory Baxter, filed May 1, 2020 (Docket # 145-5) ("Baxter Aff.") ¶ 11.  Strangely, the affidavit makes no reference to the document he described in his testimony as having been created on "February 1"; nor does it suggest that the February 1 date was an error.  In any event, the affidavit does say that on February 7 he saved the document he had created on February 6 to his computer system.  Id. ¶ 14.  He states that this document (which he asserts — perhaps mistakenly — then had a ".doc" extension rather than a ".docx" extension) is the "same document about which I subsequently testified at my deposition."  Id. ¶ 15.

The affidavit adds little of relevance to the dispute before the Court, except to say that on February 4 and 5 (either after the creation of the document, if we are to believe Baxter's

3

deposition testimony as to the creation date, or beforehand, if we accept the date in the affidavit), Baxter communicated to Hernandez's counsel about his "responses" to the defendants' expert report. Id. ¶¶ 9-10. On February 7, 2020, he sent a copy of the document to Hernandez's counsel with the subject line "Proposed Supplement to Baxter's Expert Report." Id. ¶¶ 16-17. The affidavit also reveals that the document had the heading "February 6 2020 Supplement to Dr. Baxter's Expert Report Methodology for Comparing Minority Year End Performance Review ('YE') to Umpire Evaluation Reports ('UER')," id. ¶15, though Baxter does not state when that heading was made part of the document.

Defendants now seek to compel production of the memorandum. See Def. Ltr.; Def. Reply. Hernandez resists production of the memorandum on the grounds that it is protected under Federal Rule of Civil Procedure 26(b)(4). See Pl. Mem. at 1, 10-16; Pl. Reply at 3-8. During the course of briefing, Hernandez proposed that the Court review the memorandum in camera, see Pl. Reply at 3, and the Court later did so.

II. ANALYSIS

Rule 26(b)(4) governs discovery as it applies to experts. Hernandez invokes the provisions that extend work-product protection — set forth in Rule 26(b)(3) — to certain expert documents.[2] The relevant provisions state:

(B) Trial-Preparation Protection for Draft Reports or Disclosures. Rules
26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule

---

[2] Hernandez also argues that defendants' motion to compel is untimely largely because he made objections to defendants' requests that mirror the objections he now makes and defendants did not seek to adjudicate those objections. See Pl. Mem. at 7-10. The Court rejects this argument inasmuch as the document at issue did not even exist on the date that Hernandez made the objections and defendants were under no obligation to seek a ruling on the objections. Once the existence of the document at issue was revealed, the defendants acted with reasonable celerity to secure a Court ruling.

26(a)(2), regardless of the form in which the draft is recorded.

(C) <u>Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses</u>.  Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
(i) relate to compensation for the expert's study or testimony;
(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4); <u>see</u> <u>also</u> <u>Heard v. Statue Cruises LLC</u>, 2020 WL 1285456, at *7

(S.D.N.Y. Mar. 18, 2020) ("Rule 26(b)(4) . . . limits the scope of expert discovery by extending

the protection of the work product doctrine to drafts of the expert's written report and

communications between the expert and the attorneys for the party that engaged the expert.")

(citation omitted).  As the Advisory Committee's note points out, the rule seeks to allow

attorneys and experts to communicate and prepare reports without fear that an opposing party

might be able to peer into that process and learn the attorney's own analysis of the case.  <u>See</u>,

<u>e.g.</u>, Fed. R. Civ. P. 26(b)(4) advisory committee's note to the 2010 amendment ("[R]outine

discovery into attorney-expert communications and draft reports has had undesirable effects. . . .

Attorneys may employ two sets of experts . . . because disclosure of their collaborative

interactions with expert consultants would reveal their most sensitive and confidential case

analyses.").

"It is . . . well established that the party invoking a privilege bears the burden of

establishing its applicability to the case at hand."  <u>In re Grand Jury Subpoenas Dated Mar. 19,</u>

<u>2002 & Aug. 2, 2002</u>, 318 F.3d 379, 384 (2d Cir. 2003).  Hernandez offers two arguments for

why the memorandum is protected: (1) "the document is a draft of a report" and is thus

protected by Fed. R. Civ. P. 26(b)(4)(B); and (2) "the document was drafted in anticipation of a

planned telephone call with Plaintiff's counsel and was in fact communicated to Plaintiff's

counsel for consideration in advance of that call, so discovery directed to the document is also

subject to the scope limitation of Fed. R. Civ. P. 26(b)(4)(C)." Pl. Mem. at 6-7. Neither

contention has merit.

       A.  The Draft-Report Argument

Hernandez's argument that the Memorandum is a draft report fails because Baxter

conceded that the document was "[a] memo I had written to myself . . . [b]ecause I expected to

be deposed about my methodology." Baxter Depo. at 14-16. Baxter never claimed it was a

draft report at his deposition. To the extent his affidavit could be read otherwise, it is well

settled that "a party may not create an issue of fact by submitting an affidavit . . . that, by

omission or addition, contradicts the affiant's previous deposition testimony." Crawford v.

Franklin Credit Mgmt. Corp., 758 F.3d 473, 482 (2d Cir. 2014) (quoting Hayes v. N.Y.C. Dep't

of Corr., 84 F.3d 614, 619 (2d Cir. 1996)).

In any event, even if we were to accept his affidavit's claim that he was creating the

draft of a new report, the Court made no provision in its scheduling order for the submission of

any supplemental report and, as a result, it is not surprising that there is no evidence that any

attorney ever instructed Baxter to prepare a supplemental report. The fact that Baxter, or the

document itself, characterizes the document as a "supplement" to Baxter's report, see Baxter

Aff. ¶¶ 15, 17, is insufficient. Even if Baxter privately intended the document to ultimately be

part of a draft-supplemental report, that intention is of no consequence. Rule 26(b)(4)(B)

protects only "drafts of any report or disclosure required under Rule 26(a)(2)." No

supplemental report was "required" in this case.  This outcome is entirely in keeping with the

purpose of the core work product rule, which is to protect an <u>attorney's</u> "mental impressions,

conclusions, opinions, or legal theories" from exposure, <u>see</u> Fed. R. Civ. P. 26(b)(3)(B) — not

the expert's.  It is also in keeping with the Advisory Committee's note that the rule is designed

to protect an <u>attorney's</u> "most sensitive and confidential case analyses."  <u>See</u> Fed. R. Civ. P.

26(b)(4) advisory committee's note to the 2010 amendment.  Moreover, notwithstanding the

references in Baxter's affidavit regarding his contact with counsel in relation to the creation date

of the memorandum, Baxter Aff. ¶¶ 9-12, Baxter never states that the memorandum was

prepared because counsel requested that he prepare a supplemental report.  In addition, Baxter

actually testified at his deposition that the memorandum was <u>not</u> prepared at the request of

counsel.  <u>See</u> Baxter Depo. at 206.  Indeed, it could not have been a draft supplement to the

report created at the behest of counsel because the Court never made provision for the filing of

supplemental reports.

The only remotely relevant case Hernandez cites in support of his augment is <u>Deangelis</u>

<u>v. Corzine</u>, 2016 WL 93862 (S.D.N.Y. Jan. 7, 2016), Pl. Mem. at 14 n.13; Pl. Reply at 5, but the

case is inapplicable.  The expert in <u>Deangelis</u> testified at his deposition that the documents at

issue were created specifically to be included in a draft report that was apparently authorized by

the Court, and a review of the drafts revealed that they were indeed included in drafts of the

report.  <u>See</u> <u>id.</u> at *4.  The court held "[t]he documents were prepared not simply to aid [the

expert] in drafting his report, but rather to form part of the report itself and were in fact included

in preliminary versions of that report.  They are, in short, drafts of his report."  <u>Id.</u> at *5.  Here,

by contrast, the memorandum was not created to be part of any Court-authorized report and no

version of its contents was ever included in any report.

>   B.  The Communication-to-Attorney Argument

Second, the memorandum is not a "communication[] between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)."  Fed. R. Civ. P. 26(b)(4)(C).  As we have already explained, there is no evidence that the report was created at the request of Hernandez's attorney or that it was for the purpose of communicating with Hernandez's attorney.  While Baxter ultimately transmitted the document to Hernandez's attorney, Hernandez has not met his burden of showing that when the document was prepared its purpose was to communicate with an attorney.[3]  Baxter unequivocally testified that the memorandum was prepared for himself, in anticipation of his deposition, as a way to summarize his methodology.  See Baxter Depo. at 14-15.  This analysis is not changed by the fact that the memorandum was created around the time of, or even "in anticipation of," a conversation between Baxter and Hernandez's counsel, see Pl. Mem. at 7, 13; Baxter Aff. ¶¶ 10-16; Pl. Reply at 1, 2 n.3, 4, because at its creation the document was never intended to be, and was not itself, a communication to an attorney.  The fact that Baxter eventually sent the document to an attorney does change its character at inception.  See generally BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n, 2017 WL 953514, at *3 (S.D.N.Y. Mar. 9, 2017) ("business records do not become privileged simply because they were sent to counsel").

In the end, the memorandum was created as notes to Baxter regarding Baxter's own

---

[3]  For what it is worth, nothing in the document itself suggests that it was an effort to communicate with an attorney.  Instead, the document — written in terms not easily understandable by a layman — reads as if it were a compilation of Baxter's notes to himself regarding his own methodology.

report, not as an effort to communicate with an attorney.  An expert's notes to himself do not

qualify for protection under Fed. R. Civ. P. 26(b)(4).  See, e.g., Dongguk Univ. v. Yale Univ.,

2011 WL 1935865, at *1 (D. Conn. May 19, 2011) ("[A]s a general matter, an expert's notes

are not protected by 26(b)(4)(B) or (C), as they are neither drafts of an expert report nor

communications between the party's attorney and the expert witness.") (citing Rule 26(b)(4)

advisory committee's note to the 2010 amendment); see also Rule 26(b)(4) advisory

committee's note to the 2010 amendment ("Rules 26(b)(4)(B) and (C) do not impede discovery

about the opinions to be offered by the expert or the development, foundation, or basis of those

opinions.  For example, the expert's testing . . . and notes of any such testing would not be

exempted from discovery by this rule.")

Because we conclude that the memorandum is not protected, we need not address

whether Hernandez waived the protection, see Def. Reply at 7; Pl. Reply at 6-7, or if it would be

discoverable as a document Baxter reviewed to refresh his memory prior to his deposition, see

Def. Ltr. at 5; Def. Reply at 7; Pl. Reply at 7-8.

III. CONCLUSION

Defendants' motion to compel (Docket # 136) is granted.  Hernandez shall provide a

copy of the memorandum to defendants within 3 business days.  Defendants may re-depose

Baxter provided they do so promptly and limit questioning to the document at issue and matters

related to the document.

SO ORDERED.

Dated: May 19, 2020
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge