NEIL H. ABRAMSON
ADAM M. LUPION
RACHEL S. PHILION
RACHEL S. FISCHER
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Defendants*
THE OFFICE OF THE COMMISSIONER
OF BASEBALL and MAJOR LEAGUE
BASEBALL BLUE, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL HERNANDEZ,<br><br>                    Plaintiff,<br><br>    v.<br><br>THE OFFICE OF THE COMMISSIONER OF BASEBALL and MAJOR LEAGUE BASEBALL BLUE, INC.<br><br>                    Defendants. | No. 18 Civ. 9035 (JPO) (GWG) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ALTER, AMEND OR
<u>VACATE THE COURT'S MARCH 31, 2021 OPINION AND ORDER</u>**

**PRELIMINARY STATEMENT**

On behalf of Defendants the Office of the Commissioner of Baseball and Major League Baseball Blue, Inc. (collectively, "MLB" or "Defendants"), we respectfully submit this memorandum of law in opposition to Plaintiff Angel Hernandez's Motion to Alter, Amend or Vacate the Court's March 31, 2021 Opinion and Order granting summary judgment in favor of MLB. Hernandez's motion should be denied in its entirety because he does not even attempt to satisfy the purposefully high and exacting standard that would justify the extraordinary relief he seeks. Courts in this Circuit have made clear that Rule 59(e) applications should almost always be denied, and that a movant cannot succeed by merely repeating old arguments in the hopes of achieving a different result. Yet, that is precisely what Plaintiff has done here. In particular, *every single case* cited in Hernandez's motion was discussed in the Opinion and Order. His arguments are merely *in haec verba* repetitions of those that the Court already considered and rejected based on the overwhelming weight of authority that it correctly applied in granting summary judgment in favor of MLB.

Because there is no legal principle that the Court overlooked, no change in the intervening law, no new evidence, and no other basis for the Court to reconsider its decision, Hernandez's motion should be denied.

**ARGUMENT**

**PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE HE HAS FAILED TO SATISFY THE RULE 59(e) STANDARD**

   **A. Plaintiff's Heavy Burden For Rule 59(e) Relief.**

Rule 59(e) is an "extraordinary remed[y] to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (Oetken, J.) (quoting *Goonan v. Fed. Rsrv.*

*Bank of N.Y.*, No. 12-CV-3859 (JPO), 2013 WL 1386933, at *1 (S.D.N.Y. Apr. 5, 2013) (Oetken, J.)). As a result, "the standard for granting [a Rule 59 motion for reconsideration] is strict, and . . . will generally be denied." *Analytical Survs, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (alteration in original). *See also Blanding v. Yelich*, No 17-CV-1762 (JPO), 2019 U.S. Dist. LEXIS 1128, at *2 (S.D.N.Y. Jan. 3, 2019) (Oetken, J.) (Rule 59(e) motions will "generally be denied.") (internal citations omitted).[1]

A party moving "to alter [or amend a] judgment" pursuant to Rule 59(e) must establish: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Fireman's Fund Ins. Co.*, 10 F. Supp. 3d at 475. Rule 59(e) is not a vehicle to reargue the law or the record. *Boayke-Yiadom v. Laria*, No. 09-CV-622 (DRH) (ARL), 2013 WL 3094943, at *2 (E.D.N.Y. June 18, 2013); *see also Analytical Survs.*, 684 F.3d at 52; *Langsam v. Vallarta Gardens*, No. 08-CV-2222 (LAP), 2009 WL 2252612, at *2 (S.D.N.Y. July 28, 2009).[2] Rather, the movant must "point to controlling decisions or data that the court *overlooked*—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Fireman's Fund Ins. Co.*, 10 F. Supp. 3d at 475 (quoting *Goonan,* 2013 WL 1386933, at *1); *see also Blanding*, 2019 U.S. Dist. LEXIS 1128, at *3.

---

[1] "'The standards for relief' under Rule 59(e) are 'identical' to those for motions for reconsideration under Local Civil Rule 6.3. *Levitant v. Workers Comp. Bd. of State of N.Y.*, No. 16-CV-6990 (ER), 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019).

[2] "Furthermore, whether to grant or deny a motion brought under Rule 59(e) is within 'the sound discretion of the district court.'" *Levitant*, 2019 WL 5853438, at *2, *citing In re Gildan Activewear, Inc., Sec. Litig.*, No. 08-CV-5048 (HB), 2009 4544287, at *2 (S.D.N.Y. Dec. 4, 2009).

### B. Plaintiff Has Not Met The Standard For Rule 59 Relief.

Plaintiff falls woefully short of Rule 59(e)'s purposefully high standard, as he has not identified a single case, much less binding precedent, that this Court overlooked—he merely disagrees with the Court's interpretation of certain cases in its Opinion and Order.  Plaintiff's motion is precisely the same as the Rule 59 and reconsideration motions repeatedly rejected by this Court.  *See, e.g.*, *U.S. v. Sierra-Naranjo*, No. 78-CR-046 (JPO), 2019 WL 1785417, at *2 (S.D.N.Y. Apr. 24, 2019) (Oetken, J.) (denying Rule 59(e) motion where the movant disagreed with the court's legal conclusion, but failed to demonstrate that the court overlooked any controlling decisions in reaching that conclusion); *Gomez v. City of N.Y.*, No. 15-CV-7524 (JPO), 2017 WL 6542495, at *2 (S.D.N.Y. Dec. 21, 2017) (Oetken, J.) (denying reconsideration where the movant "merely repeat[ed] the arguments he previously made in opposing the [underlying motion]" because "the Court will not rehash arguments already considered and rejected" when it did not overlook a controlling issue of law); *Laurent v. Pricewaterhouse Coopers LLP*, No. 06-CV-2280 (JPO), 2018 WL 502239, at *1-2 (S.D.N.Y. Jan. 19, 2018) (Oetken, J.) (holding that reconsideration was not warranted where the plaintiff contended that the court's decision was inconsistent with a Second Circuit mandate, but the court already considered and rejected that argument).

There is nothing in Plaintiff's motion that warrants reconsideration.  In arguing that his disparate impact claim should have survived summary judgment, Plaintiff does not cite any legal authority this Court overlooked.  Instead, he repeats the oft-rejected argument that, for purposes of his disparate impact claim, he is relieved from showing a disparity in promotion rates because of the "inexorable zero"—the exact same argument the Court already considered and rejected.  The Court properly rejected his argument, finding that the "inexorable zero" is "less compelling

3

in the present context, where both the pool of umpires and the number of available promotions are small." (Dkt. No. 197 at 22-23).  In reaching that conclusion, the Court relied on (i) Defendants' expert evidence, namely that the "inexorable zero" is "statistically meaningless" in this case; and (ii) the fact Hernandez failed to offer any contrary evidence. (*Id*. at 21).  While Plaintiff disagrees with the Court's conclusion, he does not cite a single case where a disparate impact claim survived summary judgment in these circumstances.  In fact, the case law reaches the exact opposite conclusion—the "inexorable zero" is relevant only if a sample size is sufficiently large.  *See Id*. at 22-23.  Plaintiff argues that "courts in the Second Circuit and elsewhere across the country have repeatedly looked beyond traditional statistical analyses to the inexorable zero and other evidence to determine whether a disparate impact claim is viable," yet he does not cite a single case where this actually occurred. (Dkt. 200 at 8.)

     Plaintiff also contends that it was "clear error" for the Court to cite to *Woodson v. Pfizer, Inc.*, 34 F. App'x 490 (7th Cir. 2002), for the proposition that there must be a "'statistically large enough workforce' for the inexorable zero to be relevant," and argues that *Woodson* is inconsistent with the Second Circuit's decision in *Waisome v. Port Auth. of N.Y. & N.J.*, 948 F.2d 1370 (2d Cir. 1991).  The Court specifically cited *Waisome* in its decision, and clearly recognized that the two cases are not inconsistent. (Dkt. 197 at 22.)  In *Woodson*, the court noted that when there is a small number of employees in the workforce at issue, statistical evidence is of no value in proving an employment discrimination claim. *Woodson*, 34 F. App'x at 493.  And in *Waisome*, the court held that it was appropriate for the plaintiff to supplement statistics drawn from small sample sizes with related statistics from larger samples. *Id.* at 1379-80.  *See also Martinez v. Conn. Dep't of Corr.*, 125 F. Supp. 3d 397, 409, 412 (D. Conn. 2015) (dismissing disparate impact claims based on plaintiff's argument that "no minority ha[d] ever been

4

promoted" when plaintiff failed to demonstrate any statistical analysis showing a disparate impact, and rejecting plaintiff's attempt to bolster his statistical sample with "anecdotal reports of past intentional discrimination" as inconsistent with *Waisome*).

Nothing in *Waisome* or any other case supports Plaintiff's contention that he can establish a *prima facie* case of disparate impact discrimination without any statistical analysis of promotion rates whatsoever and instead rely exclusively on an "inexorable zero" theory. In fact, in *Waisome* the plaintiff's disparate impact claim was not based on the "inexorable zero"—it was based on an alleged disparity in the rates at which black and white police offers passed a written examination. *Waisome*, 948 F.2d at 1378-79.

Plaintiff's remaining arguments also fall well short of Rule 59(e)'s strict requirements. Plaintiff contends that MLB did not establish a business necessity for its promotion decisions, that he established an alternative practice that would eliminate the alleged disparity in promotion rates, and that the Court assumed the role of factfinder. Plaintiff does not even attempt to identify any clear error of law with respect to the Court's determinations. He cites no legal authority that the Court overlooked or even misapplied, and instead echoes the *exact* same arguments he made in opposing summary judgment.

In his opposition to Defendants' summary judgment motion, Plaintiff argued that the Court should reject MLB's business necessity rationale for its promotion decisions because "MLB [did] not cite to any evidence in the record" (Dkt. No. 187 at 48)—the exact same argument he makes here. *See* Dkt. No. 200 at 14 ("MLB does not cite to any evidence"). That assertion is demonstrably false, as MLB clearly cited to record evidence to support its rationale. (Dkt. No. 173 at 7-8, 47; Dt. No. 196 at 24.) Although Plaintiff suggests that the Court should have engaged in a more "detailed consideration" of Defendants' explanations as to business

5

necessity (Dkt. No. 200 at 14), such an analysis was not pertinent to the Court's decision because the burden never shifted to Defendants. The Court concluded with respect to Plaintiff's *prima facie* case that "Hernandez has not established a genuine dispute of material fact on his disparate impact claim." (Dkt. No. 197 at 23.) Plaintiff's related claim that the Court erred in rejecting his alternative practice fails for the same reason—*i.e.*, he never got past the *prima facie* stage of his disparate impact claim. In any event, he proffers the same argument here as he did in opposing summary judgment, and the Court appropriately concluded based on the record before it that his proposed alternatives would not eliminate the subjectivity in the promotion process that was the subject of his criticism. (Dkt. No. 197 at 23.)

Plaintiff makes the additional baseless argument that the Court assumed the role of factfinder, but that contention is totally divorced from the plain language of the Court's summary judgment order. The Court applied the correct legal standard applicable to summary judgment motions. (Dkt. No. 197 at 7-10)—even recognizing the need for caution when granting summary judgment in favor of an employer, as the Second Circuit has expressed. (*Id*. at 10, 18). Notably, Plaintiff does not suggest otherwise. The Court properly held that Hernandez's claims failed as a matter of law, and no reasonable trier of fact could find otherwise.

Plaintiff's argument is simply that the Court reached the wrong conclusion based on the record before it. That is not a basis for reconsideration under Rule 59. *See Yelle v. Mount St. Mary Coll.*, No. 18-CV-10927 (PMH), 2021 WL 311213, at *5 (S.D.N.Y. Jan. 29, 2021) (denying Rule 59(e) motion in employment discrimination case where plaintiff sought "only to resurrect arguments previously advanced and rejected"); *Ifedigbo v. Buffalo Pub. Schs.*, No. 13-CV-637S, 2018 WL 2901331, at *1-2 (W.D.N.Y. June 11, 2018) (denying Rule 59(e) motion in employment discrimination case and noting that plaintiff "is obviously dissatisfied with this

Court's decision, but use of a motion to reconsider as a vehicle to reargue a case is improper"); *Croons v. N.Y. Off. of Mental Health*, 304 F.R.D. 98, 102-03 (N.D.N.Y. 2015) (denying plaintiff's Rule 59(e) motion based on contention that the court improperly weighed evidence and made credibility determinations because the court did not do so and specifically noted that plaintiff's discrimination claims would have failed despite any skepticism about the sufficiency of certain evidence); *Morris v. State of N.Y.*, No. 91-CV-634, 1995 WL 155953, at *4-5 (N.D.N.Y. Apr. 5, 1995) (denying Rule 59(e) motion in employment discrimination case and noting that the court "painstakingly reviewed all of the information presented to it" and that "although each side may have put a different 'spin' on the facts, the underlying facts themselves were undisputed.")

## **CONCLUSION**

For the foregoing reasons, Hernandez's Motion to Alter, Amend or Vacate the Court's March 31, 2021 Opinion and Order should be denied.

Dated: New York, New York
May 12, 2021

PROSKAUER ROSE LLP

By: /s/ *Neil H. Abramson*
Neil H. Abramson, Esq.
Adam M. Lupion, Esq.
Rachel S. Philion, Esq.
Rachel S. Fischer, Esq.

Eleven Times Square
New York, New York 10036-8299
Phone: 212.969.3000
Fax: 212.969.2900
nabramson@proskauer.com
alupion@proskauer.com
rphilion@proskauer.com
rfischer@proskauer.com

7

*Attorneys for Defendants*
THE OFFICE OF THE
COMMISSIONER
OF BASEBALL AND MAJOR
LEAGUE BASEBALL BLUE, INC.