Kevin L. Murphy (*pro hac vice*)
J. Jeffrey Landen (*pro hac vice*)
Nicholas R. Gregg (*pro hac vice*)
MURPHY LANDEN JONES PLLC
2400 Chamber Center Drive, Suite 200
Fort Mitchell, KY  41017
(859) 360-1123

&

Nicholas J. Zaita
LEWIS DIBIASI ZAITA & HIGGINS
420 Lexington Avenue, Suite 300
New York, NY  10107
(212) 772-0943

*Attorneys for Plaintiff Angel Hernandez*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL HERNANDEZ<br><br>        PLAINTIFF,<br><br>V.<br><br>THE OFFICE OF THE COMMISSIONER OF BASEBALL AND MAJOR LEAGUE BASEBALL BLUE, INC.,<br><br>        DEFENDANTS. | CASE NO: 18-CV-09035-JPO-GWG |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO ALTER, AMEND OR VACATE THE COURT'S MARCH 31, 2021 OPINION AND ORDER**

Plaintiff Angel Hernandez ("Plaintiff"), by and through counsel, hereby respectfully submits his Reply in Support of His Motion to Alter, Amend or Vacate the Court's March 31, 2021 Opinion and Order.

## I.     PRELIMINARY STATEMENT

MLB's memorandum in opposition to Plaintiff's Motion to Alter, Amend or Vacate the Court's March 31, 2021 Opinion and Order (the "Rule 59(e) Motion") is premised on inaccurate characterizations of Plaintiff's Rule 59(e) Motion and the arguments advanced by Plaintiff therein. Plaintiff's Rule 59(e) Motion respectfully asserts that the Court committed clear errors of law as to several distinct aspects of the Court's March 31, 2021 Opinion and Order granting MLB summary judgment on all of Plaintiff's claims (the "Summary Judgment Order").

Rather than substantively rebut Plaintiff's Rule 59(e) Motion or support the legal conclusions reached by the Court in its Summary Judgment Order, MLB in its memorandum in opposition to Plaintiff's Rule 59(e) Motion (the "Response") instead characterized Plaintiff's Rule 59(e) Motion—broadly, inaccurately, and baselessly—as "*in haec verba* repetitions" of arguments Plaintiff purportedly made to the Court previously in connection with the parties' summary judgment submissions. But even a cursory review of Plaintiff's Rule 59(e) Motion reveals that that is not the case. Additionally, MLB does not even address several of the distinct errors of law identified by Plaintiff in his Rule 59(e) Motion.

Simply put, MLB Response does *nothing* to rebut several of the errors raised by Plaintiff. Even when MLB says anything about other issues raised by Plaintiff, those unavailing arguments mainly consist of sweeping, unsupported statements about the purported nature and substance of Plaintiff's Rule 59(e) Motion. As a result, and for the reasons stated in Plaintiff's Rule 59(e) Motion and further discussed herein, Plaintiff's Rule 59(e) Motion should be granted.

## II.  ANALYSIS

### A.  *Plaintiff's Disparate Impact Claim*

Plaintiff's Rule 59(e) Motion identified several clear errors of law in the Court's Summary Judgment Order, any one of which would constitute an independently sufficient basis for granting Plaintiff the relief he seeks.  Specifically as to Plaintiff's disparate impact claim, those errors include: (i) failing to apply or overlooking binding case law applicable to Plaintiff's disparate impact discrimination claims (*see* Dkt. 200, Pages 8-10 of 23 (discussing binding case law regarding the significance of statistical analyses in cases with small sample sizes); *id.* at Pages 12-16 of 23 (identifying and addressing *binding* legal authority the Court overlooked and/or failed to apply in favor of *non-binding* legal authority)), (ii) not assigning the appropriate significance to MLB's own conduct as it relates to the small sample sizes at issue (*id.* at Pages 10-11 of 23), (iii) creating improper incentives for employers like MLB that are inconsistent with applicable case law and the important public policies underlying that case law (*id.* at Pages 11-12 of 23), (iv) not drawing the required legal conclusion from MLB's failure to meet its burden of proving job-relatedness or business necessity (*id.* at Pages 16-17 of 23), and (v) not addressing all aspects of Plaintiff's proposed alternative practices (*id.* at Pages 18-19 of 23).

MLB does little in its Response to rebut Plaintiff's assertions as to these errors.  Rather, as noted above, MLB's memorandum in opposition is based primarily on its unsupported characterization of Plaintiff's Rule 59(e) Motion as merely repeating arguments previously asserted by Plaintiff.  Yet Plaintiff's Rule 59(e) Motion identified multiple errors of law in the Court's Summary Judgment Order and the legal analysis that was contained therein—issues that could not have even existed, let alone been raised by Plaintiff, until the Court's Summary Judgment Order was entered and the Court's decision and the reasoning for its decision were made explicit.

2

For example, MLB baselessly asserts that "Plaintiff does not cite any legal authority this Court overlooked," and instead accuses Plaintiff of "repeat[ing]" arguments it contends "the Court already considered and rejected." Dkt. 201, Page 4 of 9. MLB's assertion in this regard is simply inaccurate. Indeed, one of the primary grounds for Plaintiff's Rule 59(e) Motion is that the Court *did* overlook binding legal authority that was cited by Plaintiff in his summary judgment submissions (and as identified with specificity in the Rule 59(e) Motion). MLB's position seems to be that Plaintiff's Rule 59(e) Motion should be denied merely because he is discussing legal authority he has previously cited to the Court. But that is precisely the point raised by Plaintiff on this issue: Plaintiff previously cited to and discussed binding legal authority, and the Court failed to apply that legal authority in granting MLB summary judgment.

        i.    <u>Failing to apply or overlooking binding case law</u>

As to some of that legal authority, MLB's Response is completely silent. For instance, *United States v. City of New York*, 713 F. Supp. 2d 300 (S.D.N.Y. 2010), is discussed at length in Plaintiff's Rule 59(e) Motion. As discussed in that motion, *City of New York* is a case in which the inexorable zero was applied even in the presence of small sample sizes. *See* Dkt. 200, Pages 14-16 of 23. MLB's Response wholly fails to address the operative portions of *City of New York* discussed by Plaintiff in his Rule 59(e) Motion—in fact, *City of New York* is not mentioned once in MLB's Response. MLB's silence as to *City of New York* is deafening, and nothing in MLB's Response even purports to justify the clear error of law in the Court failing to apply the applicable principles from that case identified by Plaintiff in his Rule 59(e) Motion.

Additionally, though MLB seeks to distinguish the facts in *Waisome v. Port Auth. of New York & New Jersey*, 948 F.2d 1370 (2d Cir. 1991), from the case at bar, MLB's Response does nothing to change the legal principles underlying the case and the applicability of those legal principles to this case. In *Waisome*, the Second Circuit discussed, among other things, the significance (or lack thereof)

3

of traditional statistical analyses in cases involving small sample sizes. *See, e.g., id.* at 1379 ("where statistics are based on a relatively small number of occurrences, the presence or absence of statistical significance is not a reliable indicator of disparate impact"). The legal principles discussed by the *Waisome* court directly impact on Plaintiff's disparate impact claims here, where the sample sizes are small. The lack of reliability of statistical evidence in this context—as in *Waisome*—prohibits MLB's reliance on traditional statistical analyses. MLB's silence as to *Waisome*'s legal principles is once again telling.

MLB also contends that the Court correctly relied on *Woodson v. Pfizer*, 34 F. App'x 490, 492 (7th Cir. 2002), a Seventh Circuit case, in granting its motion for summary judgment. Yet, once again, MLB fails to address Plaintiff's primary arguments as to *Woodson*—namely, (i) that it is non-binding on this Court, (ii) that the Court applying Seventh Circuit authority (*Woodson*) instead of Second Circuit authority (such as *City of New York* and other legal authority previously identified by Plaintiff) was a clear error of law, and (iii) that *Woodson* does not stand for the proposition in support of which it was cited by the Court in its Summary Judgment Order.[1]

In his Rule 59(e) Motion, Plaintiff identified several cases out of the Second Circuit that directly relate to his disparate impact claims and his reliance on the inexorable zero. Through that motion, Plaintiff respectfully asserted that the Court overlooked and failed to apply that case law, much of which constituted binding legal authority. MLB's Response does not even address many of these cases. Despite MLB's sweeping generalizations about the challenges of Rule 59 motions, Plaintiff's assertions about the substantive legal errors in the Court's Summary Judgment Order are unrebutted. Plaintiff's Rule 59(e) Motion should therefore be granted.

---

[1] MLB itself argues that the *Woodson* court "noted that when there is a small number of employees in the workforce at issue, statistical evidence is of no value in proving an employment discrimination claim." Dkt. 201, Page 5 of 9. Even if this were an accurate characterization of *Woodson*, it would actually *support* Plaintiff's Rule 59(e) Motion and his disparate impact claims because it would render the very "statistical evidence" proffered by MLB to be "of no value," which would make summary judgment for MLB as to Plaintiff's disparate impact claims improper.

4

ii. <u>Not giving proper weight to MLB's own conduct</u>

MLB likewise fails to address the legal impact of MLB's own conduct relating to the "diversity issue" it acknowledged in internal documents and that the Court itself acknowledged in its Summary Judgment Order. *See*, *e.g.*, Dkt. 197, Page 22 of 26 ("Ironically, **the case for the 'inexorable zero' in this non-promotion case might be stronger if MLB employed a greater number of minority umpires**, or if the promotion pool were large enough to lend the 'inexorable zero' more weight") (emphasis added). As the legal authority binding on this Court makes clear, "even in cases where there is a weak inference of an inexorable zero or scant evidence of other women who applied and were rejected, a court should consider that this lack of evidence may itself be attributable to the 'inexorable zero.'" *City of New York*, 713 F. Supp. 2d at 318 (citing *Ortiz-Del Valle v. Nat'l Basketball Ass'n*, 42 F. Supp. 2d 334, 337-338 & n.1 (S.D.N.Y. 1999)). MLB's failure to rebut Plaintiff's arguments on this issue further supports the conclusion that Plaintiff's Rule 59(e) Motion should be granted.

iii. <u>Creating improper incentives for employers like MLB</u>

The Court's conclusion that summary judgment was appropriate for MLB on Plaintiff's disparate impact claim not only contradicts the binding legal authorities discussed above but also establishes a dangerous precedent for future discrimination cases involving small employee pools. As Plaintiff stated in his Rule 59(e) Motion, "[w]ere the Court's Summary Judgment Order to stand, MLB's recognized 'diversity problem' would be permitted to continue unabated. . . . Th[e] departure from Second Circuit principles is all the more improper because it rewards employers who employ fewer minorities with a *de facto* immunity from any disparate impact claims." Dkt. 200, Page 12 of 23. MLB is again completely silent as to the improper incentives that the Court's failure to apply the binding Second Circuit cases would create.

> iv. <u>MLB's failure to provide sufficient evidence to support its job-relatedness or business necessity defense</u>

While MLB does briefly discuss Plaintiff's points regarding MLB's failure to prove job-relatedness or business necessity, its Response yet again misses the mark. Plaintiff respectfully asserted that it was improper for the Court to grant MLB summary judgment as to that element of Plaintiff's disparate impact claims because MLB's sole "evidence" in support of their business necessity defense constitutes nothing more than Joe Torre's unilateral assertions and personal opinions. *See* Dkt. 173, Page 18 of 61 (citing to Torre's declaration and deposition). Other than Torre's own say-so, MLB proffered no evidence (such as testimony from an independent expert witness) that would demonstrate the business necessity of the MLB practices challenged by Plaintiff.

As applicable legal authority makes clear, an employer "merely asserting a business necessity rationale does not suffice to prove the defense." *Banks v. City of Albany*, 953 F. Supp. 28, 36 (N.D.N.Y. 1997). In light of cases such as *Banks* and the others cited by Plaintiff in his summary judgment submissions, MLB's failure to provide any evidence other than its own self-serving and conclusory statements that the challenged practices were justified by business necessity should have resulted in its request for summary judgment on this issue being denied. Plaintiff, through his Rule 59(e) Motion, respectfully asserts that the Court committed a clear error of law by failing to follow legal authority from within the Second Circuit (such as *Banks*) and granting MLB summary judgment despite the absence of sufficient evidence. That is precisely the type of issue Rule 59(e) is intended to address. Moreover, just because Plaintiff's Rule 59(e) Motion discusses legal authority previously cited by him in his summary judgment submissions (such as *Banks*) does not somehow render that motion futile. Indeed, had Plaintiff not cited and discussed those cases previously, Plaintiff would not be able to bring a Rule 59 motion premised on that legal authority. The fact that those cases were previously

cited by Plaintiff but not applied by the Court is precisely the point of Plaintiff's Rule 59(e) Motion, and that motion should be granted.[2]

### v. Plaintiff's proposed alternative practices

The Court's decision to grant summary judgment for MLB was also inappropriate because Plaintiff's proposed alternative practices would eliminate not only the subjectivity inherent in MLB's promotion practices, but also eliminate MLB's reliance on a single, non-minority decisionmaker in making promotion decisions. Plaintiff described in his Rule 59(e) Motion how his claims regarding MLB's practices involve a challenge not only to the subjectivity of those practices, but also to a process in which promotion decisions are made only by one non-minority individual (Joe Torre). *See* Dkt. 200, Pages 18-19 of 23. As a result, Plaintiff asserts that it was a clear error of law for the Court to consider *only* the subjectivity of MLB's promotion policies when analyzing Plaintiff's proposed alternative practices.[3] *Id.*

In attempting to refute that assertion, MLB states that "the Court appropriately concluded based on the record before it that [Plaintiff's] proposed alternatives would not eliminate the subjectivity in the promotion process that was the subject of his criticism." Dkt. 201, Page 7 of 9. But MLB's statement simply highlights an error in the Court's Summary Judgment Order—that there is *more* to Plaintiff's challenge of the MLB practices than the mere fact that they are subjective in nature. In addition to that subjectivity, Plaintiff's proposed alternative practices also remedy the

---

[2] MLB's contention that an analysis as to its business necessity defense was "not pertinent to the Court's decision because the burden never shifted to Defendants" is without merit. In its Summary Judgment Order, the Court considered Plaintiff's proposed alternative practices and concluded that they were insufficient. But in order to even reach the proposed alternative practices element of Plaintiff's disparate impact claims, the Court was required to consider whether MLB's proffered business necessity defense was adequate. The point of Plaintiff's Rule 59(e) Motion on this issue is that the Court should have concluded MLB's burden as to MLB's business necessity defense was insufficient in light of Second Circuit case law such as *Banks*.

[3] The Court's conclusion that the subjectivity of MLB's promotion practices is permissible in this circumstance, when extensive objective information is available, is itself improper. But for purposes of the Rule 59(e) Motion, Plaintiff asks the Court to reconsider only (i) the Court's characterization of Plaintiff's claims as challenging only the subjectivity of MLB's promotion practices, as distinct from also challenging MLB's reliance on Torre alone in making promotion decisions, and (ii) the Court's conclusion that Plaintiff's proposed alternative practices were not sufficient to remedy that additional aspect of the promotion policies Plaintiff challenges as well.

independently sufficient problem that, by MLB's own assertion, it is Torre—*and Torre alone*—that is responsible for the promotion decisions. Binding legal authority establishes that reliance on a single non-minority decisionmaker in making subjective promotion decisions constitutes a cognizable basis for a disparate impact discrimination claim. *Martin v. Coinmach Corp.*, No. 15-CV-8137 (AJN)(SN), 2016 WL 6996182, at *6 (S.D.N.Y. Nov. 29, 2016); *see also Banks*, 953 F. Supp. at 36. By failing to address the Torre-as-sole-decisionmaker aspect of Plaintiff's disparate impact claims, the Court committed a clear error of law that must be remedied by granting Plaintiff's Rule 59(e) Motion.

      B.      *The Court's Assumption of the Role as Factfinder*

Plaintiff also contended in his Rule 59(e) Motion that the Court improperly assumed the role as factfinder in its Summary Judgment Order and the analysis contained therein. Though MLB correctly points out that the Court acknowledged the legal standard applicable to summary judgment motions in the context of discrimination claims, the recitation of a legal standard does not have any bearing on whether the Court actually engaged in factfinding roles properly left to a jury. Indeed, MLB does not even address—let alone refute or explain away—the instances of this phenomenon identified by Plaintiff in his Rule 59(e) Motion. *See* Dkt. 200, Pages 20-21 of 23. As discussed in Plaintiff's Rule 59(e) Motion, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Caban v. City of New York*, No. 11 CIV. 3417 SAS, 2012 WL 5992088, at *2 (S.D.N.Y. Nov. 30, 2012); *see also Fisher v. Mermaid Manor Home for Adults, LLC*, 192 F. Supp. 3d 323, 327 (E.D.N.Y. 2016). Nowhere in its Response does MLB refute Plaintiff's point that the Court engaged in factfinding roles properly left to the jury. Plaintiff's Rule 59(e) Motion must be granted on this basis as well. *See Caban*, 2012 WL 5992088 at *2; *Fisher*, 192 F. Supp. 3d at 327; *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545-546 (2d Cir. 2010).

**III.   CONCLUSION**

As to many of the issues expressly raised by Plaintiff in his Rule 59(e) Motion, MLB is completely silent. Even when MLB discussed clear errors of law identified by Plaintiff in his Rule 59(e) Motion, MLB's Response relies heavily on broad, unsupported mischaracterizations of that motion. MLB's Response therefore provides no basis for denying Plaintiff's Rule 59(e) Motion. Thus, and for the reasons stated in Plaintiff's Rule 59(e) Motion and herein, Plaintiff's Rule 59(e) Motion should be granted.

Respectfully submitted,

MURPHY LANDEN JONES PLLC

By: *Kevin L. Murphy*
Kevin L. Murphy (*pro hac vice*)
J. Jeffrey Landen (*pro hac vice*)
Nicholas R. Gregg (*pro hac vice*)
2400 Chamber Center Drive, Suite 200
Fort Mitchell, KY 41017
Tel: 859-360-1123
KMurphy@MLJfirm.com
JLanden@MLJfirm.com
NGregg@MLJfirm.com

&

LEWIS DIBIASI ZAITA & HIGGINS
Nicholas J. Zaita
420 Lexington Avenue, Suite 300
New York, NY 10107
Tel: (212) 772-0943
nzaita@ldzhlaw.com
***Attorneys for Plaintiff Angel Hernandez***

9

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: Neil H. Abramson, Esq., Rachel S. Philion, Esq., Rachel S. Fischer, Esq., and Adam M. Lupion, Esq., PROSKAUER ROSE LLP, Eleven Times Square, New York, New York 10036-8299.

Respectfully Submitted,

MURPHY LANDEN JONES PLLC

By: *Kevin L. Murphy*
Kevin L. Murphy (*pro hac vice*)
2400 Chamber Center Drive, Suite 200
Fort Mitchell, KY 41017
Tel: 859-360-1123
*Attorney for Plaintiff Angel Hernandez*