UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL HERNANDEZ,

                              Plaintiff,

              -v-

THE OFFICE OF THE
COMMISSIONER OF BASEBALL and
MAJOR LEAGUE BASEBALL BLUE,
INC.,

                              Defendants.

---

18-CV-9035 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

> Following the Court's March 31, 2021 Opinion and Order (Dkt. No. 197) granting summary judgment in favor of Defendants the Office of the Commissioner of Major League Baseball and Major League Baseball Blue, Inc. (collectively, "MLB"), Plaintiff Angel Hernandez filed a motion to alter, amend, or vacate the decision pursuant to Federal Rule of Civil Procedure 59(e). (Dkt Nos. 199, 200, 202.) MLB opposed the motion. (Dkt. No. 201.) For the following reasons, Hernandez's motion is denied.

## I.    Discussion

> The Court assumes familiarity with the factual background in this case as set forth in its previous opinion. *See Hernandez v. Office of Comm'r of Baseball*, No. 18 Civ. 9035, 2021 WL 1226499 (S.D.N.Y. Mar. 31, 2021). On March 31, 2021, this Court granted MLB's motion for summary judgment and denied Hernandez's motion for partial summary judgment as moot. *Id.* at *13. Specifically, with respect to Hernandez's disparate treatment claims, the Court concluded that Hernandez had failed to demonstrate that there were genuine issues of material fact regarding whether MLB's proffered reasons for not promoting Hernandez to crew chief

1

were pretext for discrimination. *Id.* at *6–10.  With respect to Hernandez's disparate impact claims, the Court concluded that Hernandez had failed to demonstrate, as required by the case law, that a disparity existed, that there was a causal connection between the processes and disparity, and that there existed an alternative practice for choosing crew chiefs that would satisfy MLB's business needs without inflicting discrimination. *Id.* at *11–12.

Hernandez now moves to vacate, alter, or amend the Court's Opinion and Order.  (Dkt. No. 199.)  A motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "may be granted only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (internal quotation marks omitted).  It is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  The rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court and to prevent the rule from being used as a substitute for appealing a final judgment." *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D 115, 117 (S.D.N.Y. 2007) (cleaned up).  It is therefore treated as an "extraordinary remed[y]" that is to be employed sparingly. *Fireman's Fund*, 10 F. Supp. 3d at 475.

Hernandez contends that the Court made clear errors of law in its analysis of Hernandez's disparate impact claims and that the Court improperly assumed the role of factfinder.  (Dkt. No. 200 at 3–18.)  The Court addresses each argument in turn.

A.      Errors of Law

Hernandez puts forth several alleged errors of law made by the Court.  First, he contends that the Court failed to follow key precedents regarding the inexorable zero.  (Dkt. No. 200 at 3.) Hernandez similarly contends that the Court incorrectly relied on MLB's statistical analysis because the sample size was too small.  (Dkt. No. 200 at 5–7.)  But Hernandez cites only to cases he already cited to in his opposition to MLB's motion for summary judgment and fails to demonstrate how the Court overlooked controlling decisions in reaching its conclusion.  Indeed, in the March 31, 2021 Opinion and Order, the Court discussed at length Hernandez's argument about the inexorable zero and concluded that it was "less compelling in the present context, where both the pool of umpires and the number of available promotions are small." *Hernandez*, 2021 WL 1226499, at *11.  Similarly, though the Court mentions MLB's expert only once in its discussion of the disparate treatment claims, and only for the point that the small applicant pool, small number of minority umpires, and small number of promotion opportunities renders the fact that very few minorities were promoted "statistically meaningless," *see id.* at *9, Hernandez points to no caselaw that the Court overlooked in reaching this conclusion.  Hernandez already urged the Court to disregard MLB's expert in opposition to MLB's summary judgment motion. (*See* Dkt. No. 187 at 46.)  But "merely repeat[ing] the arguments he previously made" and that the Court "already considered and rejected," *Gomez v. City of New York*, No. 15 Civ. 7524, 2017 WL 6542495, at *2 (S.D.N.Y. Dec. 21, 2017), is not sufficient to meet the high standard for a Rule 59(e) motion.  *See also Tavarez v. United States*, No. 96 Crim. 895, 2005 WL 1500865, at *1 (S.D.N.Y. June 23, 2005) ("Petitioner's instant application rehashes old arguments that were not overlooked and do not warrant reconsideration under Rule 59(e).").

Second, Hernandez contends that the Court did not consider the legal impact of whether the small sample size of umpires and crew chiefs was a result of MLB's own discriminatory conduct.  (Dkt. No. 200 at 7–8.)  He also argues that the Court's decision will incentivize employers to keep the relevant employee pools and number of minority employees small enough to avoid liability for disparate impact discrimination, which is contrary to Second Circuit law and policy.  (Dkt. No. 200 at 8–9.)  Neither of these arguments, however, suggests a "change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Fireman's Fund*, 10 F. Supp. 3d at 475, as is required.  Rather, these are policy arguments that are inappropriate to consider in a Rule 59(e) motion.

Third, Hernandez argues that applicable Second Circuit precedent does not support granting MLB's summary judgment motion with respect to the disparate impact claims.  (Dkt. No. 200 at 9–13.)  But Hernandez references two cases from this Circuit — *Waisome v. Port Auth. of N.Y. & N.J.*, 948 F.2d 1370 (2d Cir. 1991) and *United States v. City of New York*, 713 F. Supp. 2d 300 (S.D.N.Y. 2010) — both of which the Court cited to in its March 31, 2020 Opinion and Order (a fact that Hernandez concedes (*see* Dkt. No. 200 at 9, 11)).  Hernandez does not point to any law that the Court "overlooked," but rather disagrees with the Court's interpretation and analysis of the relevant caselaw as applied to this action.

Finally, Hernandez argues that the Court erred in determining that MLB proved job-relatedness and that Hernandez's proposed alternative practices were insufficient to create a genuine issue of material fact.  (Dkt. No. 200 at 13–16).  But Hernandez simply rehashes the arguments he made in his opposition to MLB's summary judgment motion.  (*See, e.g.*, Dkt. No. 200 at 48 (MLB's conclusory statement about business necessity "is insufficient to meet its burden of rebutting Plaintiff's *prima facie* case of disparate impact discrimination."); Dkt. No.

200 at 49 ("[A]n alternative practice or policy that would adequately serve MLB's legitimate busines needs . . . is simply to view the entire body of an umpire's work.")).

Therefore, having reviewed the parties' briefs and the relevant case law, the Court concludes that it did not overlook a controlling issue of law or make a clear error of law.

### B.      Role of Factfinder

Hernandez also contends that throughout the March 31, 2021 Opinion and Order, the Court improperly assumed the role of factfinder.  (Dkt. No. 200 at 16.)  Hernandez cites to several examples in which he argues that the Court improperly made credibility determinations and weighed evidence, primarily relying on instances where the Court noted in its decision that the record was not entirely clear on how MLB develops evaluations and the criteria the MLB uses in making crew chief promotions.  (Dkt. No. 216 at 17–18.)  But the Court properly applied the correct legal standard applicable to summary judgment motions.  *See Hernandez*, 2021 WL 1226499, at *4.  And, as the Court explained in its decision, any ambiguity about the evaluation and promotion process was ultimately due to the subjectivity of some of the criteria, *see id.* at *9, *not* due to any genuine disputes of material fact.

## II.     Conclusion

For the foregoing reasons, Hernandez's motion to alter, amend, or vacate the Court's March 31, 2020 Opinion and Order is DENIED.  The Clerk of Court is directed to close the motion at Docket Number 199.

SO ORDERED.

Dated: January 20, 2022
       New York, New York

_____
              J. PAUL OETKEN
          United States District Judge